UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CAPSTONE TURBINE CORPORATION SECURITIES LITIGATION | Case No.: CV 15-8914-DMG (RAOx)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT [116]** |

On April 12, 2019, Plaintiffs Elizabeth R. Kay, Randall G. Kay, David Kinney, and John Perez filed an Unopposed Motion for Entry of an Order Preliminarily Approving a Class Action Settlement. [Doc. # 116.] The Court carefully considered Plaintiffs' Unopposed Motion and the documents relating thereto, and held a hearing on this matter on May 17, 2019.[1] **For the reasons stated on the record and set forth below, IT IS HEREBY ORDERED:**

    1.    **<u>Class Certification for Settlement Purposes</u>**—Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who or which purchased or otherwise acquired Capstone

---

[1] Unless otherwise defined herein, all capitalized words contained in this Order shall have the same meanings ascribed to them in the Stipulation and Agreement of Settlement dated April 12, 2019 (the "Stipulation") found in Docket Entry No. 118-1.

common stock between June 12, 2014 and November 5, 2015, inclusive (the "Settlement Class Period") and were damaged thereby. Excluded from the Settlement Class are Defendants; members of the Immediate Family of each of the Individual Defendants; the Officers and/or directors of Capstone; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2. **Class Findings**—Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Randall and Elizabeth Kay are adequate class representatives, and it therefore certifies them as Class Representatives for the Settlement Class. The Court also appoints the law firm of Glancy Prongay & Murray LLP, including Lead Counsel Casey E. Sadler, as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement**—The Court hereby preliminarily approves the Settlement as provided in the Stipulation as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **Settlement Hearing and Motions Relating Thereto**—The Court will hold a final fairness hearing (the "Settlement Hearing") on **November 15, 2019 at 10:00 a.m.** at 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 8C, 8th Floor, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair, reasonable, and adequate and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and of the Settlement Hearing shall be provided to Settlement Class Members as set forth in paragraph 7 of this Order.

6. The Court may continue or adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7. **Retention of Claims Administrator and Manner of Giving Notice**—Lead Counsel is hereby authorized to retain the Angeion Group (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth

below. Notice of the Settlement and the Settlement Hearing shall be provided as follows:

      (a)    **By June 3, 2019**, Capstone shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its security holder lists (consisting of names and addresses) for the Capstone Securities during the Settlement Class Period;

      (b)    **By June 17, 2019** (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Capstone or in the records which Capstone caused to be provided, or who otherwise may be identified through further reasonable effort;

      (c)    contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Stipulation (and its attachments), the Notice, the Summary Notice, the Claim Form, and this Order to be posted on a website to be developed for the Settlement, from which copies of those documents can be downloaded. The Claims Administrator shall also post copies of the motion for attorneys' fees and Litigation Expenses and the motion for final approval on the website once they become available;

      (d)    **By July 1, 2019**, the Claims Administrator shall cause the Summary Notice to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

      (e)    proof of such mailing and publication shall accompany Plaintiffs' motion for final approval.

    8.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached as Exhibits A-1, A-2, A-3, and A-4 to the Stipulation [Doc. # 118-1], contingent upon the parties' adoption of the revisions suggested by the

Court, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Stipulation, the Notice, the Claim Form, and this Order, and other relevant documents online, and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order: (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and 15 U.S.C. § 78u-4 (as amended). The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, posted online, and published, respectively.

9. **Nominee Procedures**—Brokers and other nominees who purchased or otherwise acquired Capstone Securities during the Settlement Class Period for the benefit of another person or entity shall, **within seven (7) calendar days** of receipt of the Postcard Notice: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and **within seven (7) calendar days** of receipt of those Postcard Notices, forward them to all such beneficial owners; or (b) send a list of the names and addresses of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners. Upon full compliance

with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, up to a maximum of $0.50 per notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **Participation in the Settlement**—Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than **October 15, 2019**. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on

1 behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any Settlement Class Member who does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13. All Settlement Class Members who do not exclude themselves in the manner described below shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

14. **Exclusion From the Settlement Class**—Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received by, or postmarked no later than, **October 15, 2019** at the following address: CLASS ACTION OPT-OUT, ATTN: *In re Capstone Turbine Corporation Securities Litigation*, P.O. Box 58220, 1500 John F Kennedy Blvd, Suite C31,

Philadelphia, PA 19102, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Capstone Turbine Corporation Securities Litigation*, Lead Case No.: 2:15-CV-08914 DMG (RAO)"; (iii) state the number of each Capstone Security (in terms of shares and face value of notes) that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received by, or postmarked no later than, **October 15, 2019**, or is otherwise accepted by the Court.

15. Lead Counsel shall cause to be provided to Defendants' Counsel copies of all requests for exclusion as expeditiously as possible and in any event not less than fourteen (14) days prior to the Settlement Hearing. Lead Counsel shall cause to be provided to Defendants' Counsel copies of any written revocation of requests for exclusion as expeditiously as possible, and in any event not less than two (2) days prior to the Settlement Hearing.

16. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

17. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the

Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants or the other Defendants' Releasees, as more fully described in the Stipulation and Notice.

18. **Appearance and Objections at Settlement Hearing**—Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a copy of said appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 19 below, such that it is received no later than **twenty-one (21) calendar days** prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

19. Any Settlement Class Member who does not request exclusion from the Settlement Class may submit a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has submitted a written objection to the Claims

Administrator and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received by, or postmarked no later than, October 15, 2019.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Glancy Prongay & Murray LLP<br>Casey E. Sadler, Esq.<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>Telephone: (888) 773-9224 | Wilson Sonsini Goodrich & Rosati, PC<br>Nina F. Locker, Esq.<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300 |

20. Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Capstone common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

21. Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and shall be forever barred and foreclosed

from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

22. **Stay and Temporary Injunction**—Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants and the other Defendants' Releasees. For the avoidance of doubt, this provision shall have no impact on the pending actions captioned *FiveT Investment Management LTD, et al., v. Jamison, et al.,* Case No. CV 18-03512-DMG (RAOx) (C.D. Cal.); *Stesiak v. Jamison, et al.*, No. BC610782 (L.A. Cty. Super. Court); *Kilpatrick v. Simon, et al.*, No. BC623167 (L.A. Cty. Super. Court); *Haber v. Jamison, et al.*, No. CV 16-01569-DMG (RAOx) (C.D. Cal.); *Tuttle v. Atkinson, et al.*, No. CV 16-05127-DMG (RAOx) (C.D. Cal.); and *Boll v. Jamison, et al.*, No. CV 16-05282-DMG-RAO (C.D. Cal.).

23. **Settlement Administration Fees and Expenses**—All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

24. **Settlement Fund**—The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25. **Taxes**—Lead Counsel is authorized and directed to prepare any tax

returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26. **Termination of Settlement**—If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of November 16, 2018, as provided in the Stipulation.

27. **Use of this Order**—Neither this Order, the term sheets, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the term sheets and this Stipulation, nor any proceedings taken pursuant to or in connection with the term sheets, this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants or the other Defendants' Releasees;

(b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendants or the other Defendants' Releasees in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Defendants and the other Defendants' Releasees may file the Stipulation and/or Judgment in any action that may be brought against them in order

to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in connection with any proceeding to enforce the terms of this Stipulation;

(c) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(d) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

28. **Supporting Papers**—Lead Counsel shall file the motion for attorneys' fees and reimbursement of Litigation Expenses by **September 24, 2019**. Lead Counsel's deadline for filing the motion for final approval is **October 25, 2019**.

29. Neither Defendants, the other Defendants' Releasees, nor Defendants' insurers shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and

adequacy of the Settlement.

30. **Joint Status Report**—If the Parties encounter any difficulties in connection with the matters governed by this Order (*e.g.*, the interim Claims rate is abnormally low), they shall forthwith file a joint status report to alert the Court of any such development.

31. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

DATED: May 17, 2019

**IT IS SO ORDERED.**

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

14