# EXHIBIT 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CAPSTONE TURBINE CORPORATION SECURITIES LITIGATION | Lead Case No. 2:15-CV-08914 DMG (RAO)<br><br>**DECLARATION OF BRIAN MANIGAULT REGARDING: (A) MAILING OF POSTCARD NOTICE; (B) PUBLICATION OF SUMMARY NOTICE; (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS; AND (D) THE CLAIMS ADMINISTRATION PROCESS** |

DECLARATION OF BRIAN MANIGAULT

I, BRIAN MANIGAULT, declare, pursuant to 28 U.S.C. § 1746:

1.      I am a Project Manager at Angeion Group ("Angeion"). My business address is 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. I submit this declaration in order to provide the Court and the parties to the above-captioned litigation (the "Action")[1] with information regarding notice to the Settlement Class and regarding receipt of requests for exclusion from the Settlement Class and objections to the Settlement. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

## NOTICE TO THE SETTLEMENT CLASS

2.      Pursuant to ¶ 7 of the Court's May 17, 2019 Order Granting Preliminary Approval of Settlement (Dkt. No. 122, the "Preliminary Approval Order"), Angeion was retained as the Claims Administrator to supervise and administer the notice procedure as well as the processing of Claims in connection with the proposed settlement in the Action. Angeion mailed the Postcard Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Postcard Notice") to all persons, identified through reasonable effort, who purchased or otherwise acquired Capstone Turbine Corporation ("Capstone") common stock during the period between June 12, 2014 and November 5, 2015, inclusive (the "Settlement Class Period"). The Postcard Notice mailed was substantially in the form approved by the Court. A copy of the Postcard Notice is attached hereto as Exhibit A.

3.      The Postcard Notice informed potential Class Members of the proposed Settlement and provided them with direction on how to obtain a copy of the Proof of

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation and Agreement of Settlement dated April 12, 2019. Dkt. No. 118-1.

1 Claim Form ("Claim Form") by visiting the Settlement Website[2] or emailing
2 info@CapstoneTurbineSecuritiesLitigation.com.  A copy of the Claim Form is
3 attached as Exhibit B.

4 <u>**MAILING OF THE POSTCARD NOTICE**</u>

5 4. On May 28, 2019 Angeion received a list from the transfer agent (the
6 "Transfer Agent List") containing shareholders of Capstone during the Settlement
7 Class Period.  The Transfer Agent List contained data for 79 separate potential
8 members of the Settlement Class ("Settlement Class Members").

9 5. Pursuant to ¶ 7 of the Preliminary Approval Order, on June 17, 2019
10 (the "Notice Date"), Angeion caused 79 Postcard Notices (corresponding to the 79
11 names included on the Transfer Agent List) to be mailed via United States Postal
12 Service ("USPS") First Class mail, postage prepaid.

13 6. Angeion maintains a proprietary database of 3,363 known securities
14 brokers, dealers, banks, and other nominees ("Nominees") to be used for notifying
15 record holders of settlements (the "Broker Database").  On the Notice Date,
16 Angeion caused 3,363 Postcard Notices (corresponding to the 3,363 Nominees in
17 the Broker Database) to be mailed via USPS First Class mail, postage prepaid.

18 7. Since the Notice Date, Angeion has received requests from Nominees
19 to (i) send the Postcard Notice to the Nominee for distribution, or (ii) send the
20 Postcard Notice directly to the Nominee's customers, whose contact information the
21 Nominee provided to Angeion.  Through September 18, 2019, as a result of requests
22 from 17 Nominees, Angeion mailed an additional 32,257 Postcard Notices, directly
23 or indirectly to potential Settlement Class Members.

24 8. As of September 18, 2019, the USPS has returned 196 Postcard Notices
25 as undeliverable with forwarding addresses.  Angeion re-mailed the Postcard
26 Notices to the forwarding addresses.

27
28

_____

[2] Defined in ¶ 12, *infra.*

9.      As of September 18, 2019, the USPS has returned 1,220 Postcard Notices as undeliverable with no forwarding address.   Using locator services, Angeion found 761 updated addresses and mailed Postcard Notices to the updated addresses.

10.     As a result of efforts described in ¶¶ 4-9 above, as of September 18, 2019, Angeion has mailed a total of 36,656 Postcard Notices to potential Settlement Class Members.

## PUBLICATION AND PRESS RELEASE OF THE SUMMARY NOTICE

11.     In accordance with ¶ 7(d) of the Preliminarily Approval Order, Angeion caused the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Summary Notice") to be transmitted over *PR Newswire* and published in *Investor's Business Daily* on June 24, 2019.   A copy of the Summary Notice as transmitted over *PR Newswire* is attached hereto as Exhibit C and a copy of the Summary Notice as published in *Investor's Business Daily* is attached hereto as Exhibit D.

## THE SETTLEMENT WEBSITE

12.     To further assist potential Settlement Class Members, Angeion, in coordination with Class Counsel, designed, implemented, and currently maintains a website[3] dedicated to the Settlement (the "Settlement Website").   In accordance to ¶ 7(c) of the Preliminary Approval Order, the Settlement Website became operation on June 17, 2019 and will be live throughout the remainder of the administration. Among other things, the Settlement Website includes general information regarding the Settlement, lists the exclusion, objection, and claim filing deadlines, as well as the date and time of the Courts' Settlement Hearing.   The Settlement Website also

---

[3] www.CapstoneTurbineSecuritiesLitigation.com

contains copies of the Long Form Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), which is attached hereto as Exhibit E, the Proof of Claim and Release Form, the Stipulation, and the Preliminary Approval Order, as well as Frequently Asked Questions.  As of September 18, 2019, there have been 2,945 visitors to the website.

## THE TOLL-FREE TELEPHONE NUMBER

13.    On June 17, 2019, in order to accommodate inquiries regarding the Settlement, Angeion made operational a telephone number (1-855-637-1041) with an Interactive Voice Response ("IVR") system.  Callers have the ability to listen to important information about the Settlement 24 hours a day, 7 day a week, or leave a message to request an Angeion representative to contact them.  As of September 18, 2019, there were 413 calls to the IVR.  The IVR will be maintained throughout the administration of the Settlement.   Angeion has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

## INCOMING MAIL

14.    Angeion's mailing address appears in the Postcard Notice, the Summary Notice, the Notice, and the Settlement Website.  Angeion has monitored all mail that has been delivered to the mailing address, which would include requests for exclusion from the Settlement Class, objections to the Settlement, Claim Forms, and other administrative mail.   All mail has been reviewed, processed, and responded to in a timely manner.

## REPORT ON RECEIPT OF REQUESTS FOR EXCLUSION AND OBJECTIONS

15.    Settlement Class Members were notified that written requests for exclusion from the Settlement Class are to be postmarked no later than October 15, 2019 and addressed to CLASS ACTION OPT-OUT, ATTN:  *In re Capstone*

*Turbine Corporation Securities Litigation*, P.O. Box 58220, John F Kennedy Blvd, Suite C31 Philadelphia, PA 19103.   As of September 18, 2019, Angeion has received one (1) exclusion request, which is attached hereto as Exhibit F. Settlement Class Members were also notified that objections to the proposed Settlement, Plan of Allocation, or request for attorneys' fees and reimbursement of Litigation Expenses must be submitted in writing to the Court and mailed to the Claims Administrator, Lead Counsel and Defendants' Counsel, such that it is postmarked or received no later than October 15, 2019.   As of September 18, 2019, Angeion has not received any objections.   Angeion will continue to monitor incoming mail for exclusion requests and objections up to and beyond the receipt date deadline and will report any exclusion requests or objections it receives.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of September, 2019 at Philadelphia, PA.

Brian Manigault
Project Manager

5
DECLARATION OF BRIAN MANIGAULT

# EXHIBIT A

In re Capstone Turbine Securities Litigation
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

### *COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment.  This Notice may affect your legal rights.
Please read it carefully.**

«Name1» «Name2»
«Address1»
«Address2»
«City», «St» «Zip»

In re Capstone Turbine Corporation
Securities Litigation
Lead Case No.: CV 15-08914 DMG
(RAOx)

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.  PLEASE VISIT*
*WWW.CAPSTONETURBINESECURITIESLITIGATION.COM FOR MORE INFORMATION.*

There has been a proposed Settlement of claims against Capstone Turbine Corporation ("Capstone") and certain executives of Capstone (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Plaintiffs allege that Defendants disseminated materially false and misleading information to the investing public about its backlog and accounts receivable, in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Capstone common stock between June 12, 2014 and November 5, 2015, inclusive, and been damaged thereby.

Defendants have agreed to pay a Settlement Amount of $5,550,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all Settlement details, read the Stipulation and full Notice, available at the Settlement website.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in Capstone Securities. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.55 per eligible share of common stock before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted.  This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website www.CapstoneTurbineSecuritiesLitigation.com or will be mailed to you upon request to the Claims Administrator (1-855-637-1041). **Claim Forms must be postmarked by** <u>October 15, 2019</u>. If you do not want to be legally bound by the Settlement, you must exclude yourself by October 15, 2019 or you will not be able to sue the Defendants about any legal claims arising from the facts alleged in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may submit an objection by October 15, 2019. The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on November 15, 2019, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 30% of the Settlement Fund in attorneys' fees, plus actual expenses up to $140,000 for litigating the case and negotiating the Settlement, including reimbursement of Plaintiffs' costs and expenses. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free 1-855-637-1041 or visit the Settlement website and read the detailed Notice.

Brokers and other nominees who purchased or otherwise acquired Capstone Securities during the Settlement Class Period for the benefit of another person or entity shall, within seven (7) days of receipt of the Postcard Notice: (a) request from the Claims Administrator copies of the Postcard Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Postcard Notices, forward them to all such beneficial owners; or (b) send a list of the names and addresses of all such beneficial owners to the Claims Administrator.

# EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

In re CAPSTONE TURBINE
CORPORATION SECURITIES
LITIGATION

Lead Case No.:
CV-15-08914-DMG (RAOx)

Honorable Dolly M. Gee

**PROOF OF CLAIM AND RELEASE**

Deadline for Submission:  October 15, 2019

IF YOU PURCHASED OR OTHERWISE ACQUIRED CAPSTONE
TURBINE CORPORATION ("CAPSTONE" OR THE "COMPANY")
COMMON STOCK BETWEEN JUNE 12, 2014 AND NOVEMBER 5,
2015, INCLUSIVE, AND WERE DAMAGED THEREBY, YOU MAY BE
A CLASS MEMBER AND YOU MAY BE ENTITLED TO SHARE IN THE
SETTLEMENT PROCEEDS.

**I.     GENERAL INSTRUCTIONS**

1.     To recover as a member of the Class based on your claims in the

action entitled *In re Capstone Turbine Corp. Securities Litigation*, Lead Case

No. CV 15-08914-DMG (RAOx) (the "Action"), you must complete and, on

page 18 hereof, sign this Proof of Claim and Release.  If you fail to file a

properly addressed (as set forth in paragraph 3 below) Proof of Claim and

Release, your claim may be rejected and you may be precluded from any

1

recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.      YOU MUST EMAIL OR MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE OCTOBER 15, 2019, ADDRESSED AS FOLLOWS TO THE CLAIMS ADMINISTRATOR:

*Capstone Turbine Securities Litigation Settlement*
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
-or-
Email: Info@CapstoneTurbineSecuritiesLitigation.com

If you are NOT a member of the Class as defined in the Postcard Notice or the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), DO NOT submit a Proof of Claim and Release form.

4.      If you are a member of the Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by

the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

5.     PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

## II.     CLAIMANT IDENTIFICATION

Use Part I of this form entitled "Claimant Identification" to identify the beneficial purchaser of Capstone common stock which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF SHARES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The last four digits of

the Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.CapstoneTurbineSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at Info@CapstoneTurbineSecuritiesLitigation.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the

Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at Info@CapstoneTurbineSecuritiesLitigation.com to inquire about your file and confirm it was received and acceptable.

**IMPORTANT: PLEASE NOTE THAT YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-855-637-1041**.

### III.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Capstone common stock" to supply all required details of your transaction(s) in Capstone common stock.  If you need more space or additional schedules,

attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases and acquisitions and *all* of your sales of Capstone common stock between June 12, 2014 and February 3, 2016, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the Capstone common stock you held at the close of trading on February 3, 2016.  Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Capstone common stock.  The date of a "short sale" is deemed to be the date of sale of Capstone common stock.

Copies of stockbroker confirmation slips, stockbroker statements, or other documents evidencing your transactions in Capstone common stock should be attached to your claim.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker

because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

*In re Capstone Turbine Corporation Securities Litigation*
Lead Case No. CV 15-08914-DMG (RAOx)

**PROOF OF CLAIM AND RELEASE**

**Must Be Emailed or Postmarked No Later Than:**

**October 15, 2019**

Please Type or Print in Blue or Black Ink

**PART I:     CLAIMANT IDENTIFICATION**

| | | |
|---|---|---|
| Beneficial Owner's Name (First, Middle, Last): | | |
| | | |
| Address: | | |
| | | |
| City: | State: | ZIP: |
| Foreign Province: | Foreign Country: | |
| Day Phone: | Evening Phone: | |
| Email: | | |
| Last Four Digits of Social Security Number (for individuals): | OR | Last Four Digits of Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

## PART II: SCHEDULE OF TRANSACTIONS IN CAPSTONE COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, above. Do not include information regarding securities other than Capstone common stock.

| **1. HOLDINGS AS OF June 12, 2014** – State the total number of shares of Capstone common stock held as of the opening of trading on **June 12, 2014**. (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM June 12, 2014 THROUGH November 5, 2015** – Separately list each and every purchase/acquisition (including free receipts) of Capstone common stock from after the opening of trading on June 12, 2014 through and including the close of trading on November 5, 2015.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS FROM November 6, 2015 THROUGH February 3, 2016** – State the total number of shares of Capstone common stock purchased/acquired (including free receipts) from after the opening of trading on November 6, 2015 through and including the close of trading on February 3, 2016.  If none, write "zero" or "0."[1] _____

---

[1] **Please note**:  Information requested with respect to your purchases/acquisitions of Capstone common stock from after the opening of trading on November 6, 2015 through and including the close of trading on February 3, 2016 is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

| 4.  SALES FROM June 12, 2014 THROUGH February 3, 2016 – Separately list each and every sale/disposition (including free deliveries) of Capstone common stock from after the opening of trading on June 12, 2014 through and including the close of trading on February 3, 2016. (Must be documented.) | | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| 5.  HOLDINGS AS OF February 3, 2016 – State the total number of shares of Capstone common stock held as of the close of trading on February 3, 2016. (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.   PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX**

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 13. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR REJECTION OF YOUR CLAIM.**

**PART III:  RELEASE OF CLAIMS AND SIGNATURE**

**I.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement ("Stipulation") described in the Postcard Notice and the detailed Notice.[2]  I (We) also submit to the jurisdiction of the United States District Court for the Central District of California with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim in connection with the same purchases of Capstone common stock and know of no other person having done so on my (our) behalf.

---

[2] All capitalized terms used in this Proof of Claim and Release that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation, which is available at www.CapstoneTurbineSecuritiesLitigation.com.

## II.    RELEASE

1.    Upon the Effective Date of the Settlement, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Plaintiffs' Claims (defined below), including Unknown Claims (defined below), each and all of the Defendants' Releasees (defined below) as provided in the Stipulation, parts of which are set forth in Paragraphs 2-5 below.

2.    "Defendants' Releasees" means Defendants, their current and former officers, directors, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, attorneys, accountants, auditors, investment advisors, personal or legal representatives, agents, parents, affiliates, subsidiaries, successors, predecessors, divisions, joint ventures, assigns, assignees, spouses, heirs, estates, related or affiliated entities, employees, any entity in which Defendants have a controlling interest, any members of the Individual Defendants' Immediate Family, any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or any member of an Individual Defendant's Immediate Family, and any entity in which a Defendant and/or any member of an Individual Defendant's Immediate Family has or have a controlling

interest (directly or indirectly).

3. "Defendants" means Capstone and the Individual Defendants: Darren R. Jamison, Jayme Brooks, and former defendant Edward I. Reich.

4. "Released Plaintiffs' Claims" means all claims, demands, rights, causes of action or liabilities of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and other costs, expenses or liabilities whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law or any other law, rule, ordinance, administrative provision or regulation, whether class or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured, unmatured, concealed or hidden, suspected or unsuspected, which now exist or heretofore have existed, that Plaintiffs or any other member of the Settlement Class: (i) asserted in the Amended Complaint or prior complaints in this Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, public filings, statements, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Amended Complaint and that relate to the purchase, acquisition, holding, disposition, or sale of Capstone common

13

stock during the Settlement Class Period. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court; (iii) claims of FiveT Investment Management LTD and Deep Field Fund Spc Ltd Open Cluster Segregated Portfolio brought by them in the action styled *FiveT Investment Management LTD, et al., v. Jamison, et al.,* Case No. CV 18-03512-DMG-RAOx (C.D. Cal.); and (iv) claims brought derivatively in the following actions: *Stesiak v. Jamison, et al.*, No. BC610782 (Los Angeles County); *Kilpatrick v. Simon, et al.*, No. BC623167 (Los Angeles County); *Haber v. Jamison, et al*., No. CV16-01569-DMG-RAOx (C.D. Cal.); *Tuttle v. Atkinson, et al.*, No. CV 16-05127-DMG-RAOx (C.D. Cal.); and *Boll v. Jamison, et al.*, No. CV 16-05282-DMG-RAOx (C.D. Cal.).

(a) "Unknown Claims" means any Released Plaintiffs' Claims which any plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or

it, might have affected his, her or its decision(s) with respect to this Settlement, including his, her or its decision(s) not to object to the Settlement or to seek exclusion from the Settlement Class.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releases shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, any Settlement Class Member, Defendants, and their respective Releasees, may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and each of the

Defendants shall expressly waive, and each of the other Settlement Class Members and Releasees shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Capstone common stock between June 12, 2014 and February 3, 2016, and the number of shares of Capstone common stock held by me (us) at the close of trading on February 3, 2016.

7.    I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

8.    I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____
                                                             (Month/Year)
in _____, _____.
            (City)                                    (State/Country)


_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.  Please sign and date the above release and declaration.  If this Proof of Claim and Release is submitted on behalf of joint claimants, then both claimants must sign.

2.  Remember to attach supporting documentation, if available.

3.  DO NOT send original stock certificates.

4.  Keep a copy of everything you submit for your records, including your Proof of Claim and Release form.

5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-855-637-1041.

6.  If you move after submitting this Proof of Claim and Release, please notify the Claims Administrator of the change in your address.


**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED VIA EMAIL OR POSTMARKED NO LATER THAN OCTOBER 15, 2019, ADDRESSED AS FOLLOWS:**

*Capstone Turbine Securities Litigation Settlement*
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
-or-
Email:  Info@CapstoneTurbineSecuritiesLitigation.com

# EXHIBIT C

# Claims Administrator Angeion Group Announces Proposed Settlement in Capstone Turbine Corporation Securities Litigation

NEWS PROVIDED BY
**Angeion Group →**
Jun 24, 2019, 08:00 ET

PHILADELPHIA, June 24, 2019 /PRNewswire/ -- Claims administrator Angeion Group today announced that a proposed settlement has been reached in a class action lawsuit involving all persons and entities who or which purchased or otherwise acquired Capstone common stock between June 12, 2014 and November 5, 2015, inclusive (the "Settlement Class Period") and were damaged thereby.

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

**YOU ARE ALSO NOTIFIED** that Plaintiffs in the Action have reached a proposed settlement of the Action for $5,550,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on November 15, 2019 at 10:00 a.m., before the Honorable Dolly M. Gee at United States District Court for the Central District of California, United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 8C, 8th Floor, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated April 12, 2019 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** The Notice and Proof of Claim and Release Form ("Claim Form"), can be downloaded from the website maintained by the Claims Administrator, www.CapstoneTurbineSecuritiesLitigation.com. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at In re Capstone Turbine Corporation Litigation, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, 1-855-637-1041.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form postmarked no later than October 15, 2019. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is received by, or postmarked no later than, October 15, 2019, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement. All Settlement Class Members who do not request exclusion from the Settlement Class in response to the Notice will be bound by any judgment in this Action pursuant to the Stipulation. Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by the parties.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be delivered to the Claims Administrator, Lead Counsel and Defendants' Counsel such that they are received by, or postmarked no later than, October 15, 2019, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Capstone, any other Defendants in the Action, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

*In re Capstone Turbine Securities Litigation*

c/o Claims Administrator

1650 Arch Street, Suite 2210

Philadelphia, PA 19103

1-855-637-1041

www.CapstoneTurbineSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP

ATTN: Casey E. Sadler, Esq.

1925 Century Park East, Suite 2100

Los Angeles, CA 90069

(888) 773-9224


settlements@glancylaw.com


By Order of the Court


**Media Contact:**

Angeion Group

Douglas S. Clauson

Director, Communications

(215) 563-4116


SOURCE Angeion Group


Related Links

http://www.angeiongroup.com

# EXHIBIT D



## SMALL-CAP GROWTH FUNDS VS. BIG-CAP GROWTH FUNDS

| Funds in Small-Cap Index: | Largest positions of funds in Small-Cap Index: | | | |
|---|---|---|---|---|
| Federated Kaufmann R | Essent Grp | KinsaleCap | OlliesBar- | Microchip |
| Fidelity Advisor Small Cap M | BoozAllen | Insulet | PlanetFitnes | Veeva Sys A |
| Franklin Small-mid Cap | Generac | EldoradoR- | SBAComm | ServiceNow |
| Lkcm Small Cap Equity Instl | | Coupa | CostarGrp | Workday |
| Nuveen Small Cap Growth | SpdrBiot | Mercury | Verisk | Splunk |

270
260
250
240
When the line is heading up, Small-Cap Growth Funds are outperforming Big-Cap.
JUL
OCT
JAN 2019
APR

## GROWTH FUNDS VS. VALUE FUNDS

| Funds in Growth Index: | Largest positions of funds in Growth Index: | | | |
|---|---|---|---|---|
| Federated Kaufmann R | Veeva Sys A | Apple | Verisk | PlanetFitnes |
| Franklin Small-mid Cap | ServiceNow | Amazon | Microchip | SpdrBiot |
| Lkcm Small Cap Equity Instl | Workday | Facebook | Coupa | KinsaleCap |
| Vanguard Growth Index | Splunk | SBAComm | Mercury | Insulet |
| Victory Rs Large Cap Alpha A | Microsoft | CostarGrp | OlliesBar- | EldoradoR- |

230
220
When the line is heading up, Growth Funds are outperforming Value Funds.
JUL
OCT
JAN 2019
APR

# Top Industry & Sector Funds

Best % change in last 4, 8 & 12 weeks on a total return basis. ★ indicates fund is on 3 different weeks' lists.

| Mutual Fund | % Change | $ Net Assets |
|---|---|---|
| **Best % Change Last 4 Weeks:** | | |
| Fidelity Sel MedEq&Sys | + 9 | 6.2 bil |
| Vanguard Metals&Min | + 8 | 1.8 bil |
| BlackRock A NatResInv | + 8 | 156 mil |
| Vanguard Index InfoTecAdm | + 8 | 21.1 bil |
| PgimInvest NatlRsrc | + 7 | 926 mil |
| Ivy Sci&TechA | ★ + 7 | 7.2 bil |
| **Best % Change Last 8 Weeks:** | | |
| Fidelity Sel MedEq&Sys | + 9 | 6.2 bil |
| Eaton Vance A WWHlthSci | + 8 | 967 mil |
| Invesco Funds GlbHlthCare | + 7 | 1.3 bil |
| Frank/Tmp Fr A BiotchDsc | + 7 | 1.1 bil |
| Putnam A GlbHlthCre | + 7 | 1.2 bil |
| Cohen & Steers RltyShrs | ★ + 7 | 4.4 bil |
| **Best % Change Last 12 Weeks:** | | |
| Ivy Sci&TechA | ★ + 9 | 7.2 bil |
| GoldmnSachs A TechOppsA | + 8 | 479 mil |
| Fidelity Sel Sftwr&Cmp | + 8 | 6.9 bil |
| MFS Funds A Technology | + 8 | 1.2 bil |
| Fidelity Brokrge&Inv | + 8 | 304 mil |
| PriceFds Media&Telcm | + 8 | 6 bil |

# Top Industry & Sector Funds

Best % change in last 16 & 39 weeks on a total return basis. ★ indicates fund is on 3 different weeks' lists.

| Mutual Fund | % Change | $ Net Assets |
|---|---|---|
| **Best % Change Last 16 Weeks:** | | |
| PriceFds Media&Telcm | + 11 | 6 bil |
| Cohen & Steers RltyShrs | ★ + 11 | 4.4 bil |
| GoldmnSachs A TechOppsA | + 11 | 479 mil |
| Fidelity Sel Sftwr&Cmp | + 11 | 6.9 bil |
| Invesco Funds A Real Estate | + 11 | 1.5 bil |
| DWS Funds A Technology | + 11 | 860 mil |
| TIAA–CREF FUNDS RlEstSecPrm | + 11 | 2.5 bil |
| Vanguard Index InfoTecAdm | + 11 | 21.1 bil |
| Ivy Sci&TechA | ★ + 11 | 7.2 bil |
| Amer Cent Inv RealEstate | + 10 | 1 bil |
| Dimensional RealEstatel | + 10 | 9.6 bil |
| Cohen & Steers RltyIncA | + 10 | 4.8 bil |
| **Best % Change Last 39 Weeks:** | | |
| Dimensional RealEstatel | + 16 | 9.6 bil |
| TIAA–CREF FUNDS RlEstSecPrm | + 16 | 2.5 bil |
| Cohen & Steers RltyShrs | ★ + 16 | 4.4 bil |
| PgimInvest UtilityA | + 15 | 3.3 bil |
| DWS Funds A RealEstateA | + 15 | 1.4 bil |
| Amer Cent Inv RealEstate | + 14 | 1 bil |
| Cohen & Steers RltyIncA | + 14 | 4.8 bil |
| Invesco Funds A Real Estate | + 14 | 1.5 bil |
| Vanguard Index REIT | + 14 | 60.5 bil |
| PIMCO Inst I RealEstate | + 14 | 1.6 bil |
| JP Morgan Fds RealtyInc | + 14 | 2.6 bil |
| Nuveen CI I RealEstate | + 13 | 3.762 bil |

## U.S. Stock Fund Cash Position High (11/00) 6.2% Low (2/18) 2.5%

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Nov | 17 | 2.8% | May | 18 | 2.5% | Nov | 18 | 2.8% |
| Dec | 17 | 2.7% | Jun | 18 | 2.7% | Dec | 18 | 2.5% |
| Jan | 18 | 2.6% | Jul | 18 | 2.8% | Jan | 19 | 2.6% |
| Feb | 18 | 2.5% | Aug | 18 | 2.6% | Feb | 19 | 2.6% |
| Mar | 18 | 2.6% | Sep | 18 | 2.5% | Mar | 19 | 2.6% |
| Apr | 18 | 2.6% | Oct | 18 | 2.6% | **Apr** | **19** | **2.5%** |

| 36 Mos Performance Rating | Fund | 2019 % Chg | 12 Wk % Chg | 5 Yr After Tax% | Net Asset Value | NAV Chg |
|---|---|---|---|---|---|---|
| D | ValInvInst | +13 | +4 | +7 | 34.88n | +.28 |
| | **Asstmgmt** | | | | | |
| | $ 17.1 bil 877–225–5266 | | | | | |
| A– | BMODivIncI | +13 | +2 | +37 | 14.36n | +.11 |
| A | BMOLgGrI | +18 | +4 | +61 | 18.18n | +.15 |
| A | BMOLgGrwY | +18 | +4 | +59 | 18.00n | +.15 |
| | **Aston Funds** | | | | | |
| | $ 6.2 bil 800–548–4539 | | | | | |
| A– | SmallValI | +21 | +5 | +37 | 13.14n | +.09 |
| | **AT Funds** | | | | | |
| | $ 1.4 bil 855–328–3863 | | | | | |
| A | DiscplEq | +20 | +7 | +60 | 21.28n | +.22 |
| | **– B –** | | | | | |
| | **Baird Funds** | | | | | |
| | $ 42.2 bil 866–442–2473 | | | | | |
| E | AggregteBd | + 6 | +3 | +12 | 11.08n | +.03 |
| E | CorPlsBdIns | + 7 | +3 | +12 | 11.41n | +.03 |
| | **Baron Instl** | | | | | |
| | $ 12.6 bil 800–992–2766 | | | | | |
| A+ | Asset | +33 | +12 | +73 | 88.31n | +.29 |
| A+ | BaronGrt | +28 | +9 | +90 | 33.53n | +.31 |
| A+ | Opportunity | +29 | +7 | +77 | 23.57n | +.08 |
| A+ | Partners | +26 | +9 | +61 | 61.73n | –.10 |
| A | SmallCap | +29 | +6 | +44 | 32.26n | +.21 |
| | **Baron Funds** | | | | | |
| | $ 6.4 bil 800–992–2766 | | | | | |
| A+ | Asset | +33 | +12 | +70 | 84.88n | +.28 |
| A+ | Discovery | +20 | +1 | +75 | 20.27n | +.02 |
| A– | GrwRet | +14 | +2 | +41 | 18.04n | –.08 |
| A+ | Opportunity | +29 | +7 | +74 | 22.64n | +.07 |
| | **Berkshire Funds** | | | | | |
| | $ 286 mil 877–526–0707 | | | | | |
| A+ | Focus | +37 | +7 | +124 | 30.54n | +.26 |
| | **BlackRock A** | | | | | |
| | $ 145 bil 212–810–5596 | | | | | |
| A+ | CapAppInvA | +25 | +8 | +65 | 29.02 | +.30 |
| A– | CoreInv | +20 | +6 | +41 | 16.30 | +.14 |
| A– | EmgMkts | +14 | +4 | +13 | 22.98 | +.37 |
| A+ | EqInvA | +34 | +12 | +95 | 25.74 | +.14 |
| B | EquityDiv | +15 | +5 | +14 | 21.31 | +.19 |
| D | Glob Alloc | + 8 | +1 | +7 | 18.68 | –.29 |
| A+ | GrwtInv | +26 | +9 | +66 | 12.63 | +.12 |
| D | HiYld | + 7 | +2 | +7 | 7.65 | +.04 |
| A | LarCapGrInv | +23 | +7 | +39 | 15.89 | +.15 |
| A– | SmCapGr | +22 | +4 | +23 | 13.36 | +.07 |
| | **BlackRock BlRk** | | | | | |
| | $ 12.1 bil 212–810–5596 | | | | | |
| A+ | CapAppK | +25 | +8 | +69 | 31.81n | +.32 |
| | **BlackRock C** | | | | | |
| | $ 145 bil 212–810–5596 | | | | | |
| A | AdvLarCap | +22 | +6 | +34 | 13.52n | +.12 |
| A+ | CapAppInvC | +25 | +8 | +56 | 20.58n | +.21 |
| A– | CapCoreInv | +19 | +5 | +35 | 13.84n | +.12 |
| A+ | EqInvC | +33 | +12 | +86 | 20.00n | +.10 |
| B– | Equity Div | +14 | +4 | +10 | 20.43n | +.17 |
| D– | GlobAlloc | + 8 | +1 | +4 | 16.69n | –.27 |
| D– | HiYldBd | + 7 | +2 | +4 | 7.66n | +.03 |
| A+ | LarCpFocInv | +25 | +9 | +57 | 9.27n | +.09 |
| A– | SmCapGr | +21 | +3 | +11 | 5.83n | +.03 |
| | **Blackrock C1** | | | | | |
| | $ 33.9 bil 212–810–5596 | | | | | |
| D– | HiYldBd | + 7 | +2 | +4 | 7.66n | +.03 |
| | **BlackRock Instl** | | | | | |
| | $ 150 bil 212–810–5596 | | | | | |
| A | AdvLarCapGr | +23 | +7 | +41 | 16.66n | +.16 |
| A+ | CapAppInst | +25 | +8 | +68 | 31.62n | +.33 |
| A– | EmgMkts | +14 | +4 | +15 | 23.83n | +.38 |
| A+ | EqInstl | +34 | +12 | +98 | 29.77n | +.15 |
| B | Equity Div | +15 | +5 | +15 | 21.38n | +.18 |
| A+ | FocusGrwth | +26 | +9 | +69 | 13.79n | +.13 |
| D | Glob Alloc | + 8 | +1 | +8 | 18.82n | –.29 |
| D | HiYldBd | + 7 | +2 | +7 | 7.65n | +.03 |
| A | LarCapCore | +20 | +6 | +43 | 16.97n | +.15 |
| A– | SmCapGr | +22 | +4 | +27 | 18.51n | +.09 |
| A+ | Technology | +32 | +9 | +143 | 33.96n | +.32 |
| A– | ValueOpps | +20 | +6 | +26 | 28.81n | +.25 |
| | **BlackRock K** | | | | | |
| | $ 34.4 bil 212–810–5596 | | | | | |
| D | HiYld | + 7 | +2 | +7 | 7.65n | +.03 |
| A– | S&P500Ind | +19 | +5 | +53 | 352.13n | +3.3 |
| | **Blackrock R** | | | | | |
| | $ 89.8 bil 212–810–5596 | | | | | |
| A– | AdvCapCore | +19 | +6 | +39 | 15.13n | +.13 |
| A+ | CapAppR | +25 | +8 | +61 | 23.51n | +.25 |
| B | EquityDiv | +15 | +5 | +28 | 21.49n | +.19 |
| D– | Glob Alloc | + 8 | +1 | +5 | 17.73n | –.28 |
| A+ | LarCapFoc | +25 | +9 | +63 | 11.21n | +.11 |
| | **BlackRock S** | | | | | |
| | $ 2.2 bil 212–810–5596 | | | | | |
| A+ | LrgCapFocGr | +26 | +9 | +67 | 13.67n | +.13 |
| | **BlackRock Svc** | | | | | |
| | $ 30.0 bil 212–810–5596 | | | | | |
| D | HiYldBd | + 7 | +2 | +6 | 7.65n | +.03 |
| A– | SmCapGr | +22 | +4 | +24 | 15.09n | +.07 |
| | **Blackrock Funds** | | | | | |
| | $ 138 bil 212–810–5596 | | | | | |
| A+ | Oppertunity | +31 | +9 | +130 | 26.55n | +.26 |
| E | StratIncOpp p | + 3 | +1 | +5 | 9.88n | +.00 |
| E | StratIncOpp p | + 3 | +1 | +2 | 9.87n | +.00 |
| E | StrtIncOppA p | + 3 | +1 | +4 | 9.88 | +.00 |
| | **Boston & Walden** | | | | | |
| | $ 866 mil 617–726–7250 | | | | | |
| A– | Equity | +19 | +6 | +48 | 24.60n | +.25 |
| | **Brown Advisory** | | | | | |
| | $ 4.7 bil 410–537–5400 | | | | | |
| A | FlexEqtInst | +20 | +6 | +57 | 22.97n | +.22 |
| A+ | GrowEqtInst | +28 | +8 | +70 | 25.04n | +.25 |
| | **Brown Captl Mgmt** | | | | | |
| | $ 5.1 bil 877–892–4226 | | | | | |
| A+ | SmallCo | +29 | +9 | +93 | 107.45n | +.82 |
| | **– C –** | | | | | |
| | **Calamos Funds** | | | | | |
| | $ 36.4 bil 630–245–7200 | | | | | |
| A– | GrowthA | +23 | +7 | +32 | 32.12 | +.22 |
| A– | GrowthI | +23 | +7 | +37 | 43.93n | +.29 |
| | **Calvert Group** | | | | | |
| | $ 9.7 bil 800–368–2745 | | | | | |
| A– | CrRspIdxA | +20 | +6 | +51 | 24.53 | +.21 |
| A | EquityC | +26 | +8 | +53 | 28.93n | +.28 |
| | **CGM Funds** | | | | | |
| | $ 1.6 bil 800–345–4048 | | | | | |
| E | Focus | –13 | –6 | –10 | 34.77n | +.72 |
| D | Mutual | + 6 | –1 | +7 | 27.99n | +.30 |
| | **Champlain** | | | | | |
| | $ 3.4 bil 866–773–3238 | | | | | |
| A | MidCap b | +20 | +4 | +67 | 19.85n | +.11 |
| A | SmallCo | +19 | +4 | +56 | 20.11n | +.09 |
| | **Columbia A** | | | | | |
| | $ 152 bil 800–345–6611 | | | | | |
| A | AcornA | +22 | +5 | +22 | 12.28 | +.07 |
| A | AcorUSA | +20 | +3 | +25 | 11.72 | +.05 |
| A | ActiveM | +24 | +6 | +53 | 14.64n | +.18 |
| B– | ContraCore | +20 | +5 | +42 | 25.50 | +.26 |
| A– | Conv Secs | +18 | +6 | +29 | 21.65 | +.11 |
| B+ | DivInc | +17 | +5 | +45 | 22.80 | +.20 |
| A | GlobalEq | +23 | +8 | +48 | 14.05 | +.17 |
| A– | LargeGrA | +23 | +6 | +60 | 42.91 | +.45 |
| A | LargeGrow | +18 | +4 | +51 | 9.14 | +.08 |
| A– | Lg Cp Idx | +19 | +5 | +49 | 48.80n | +.46 |
| A– | LrgCapCore | +19 | +5 | +45 | 14.35 | +.16 |
| A– | LrgCapCore | +19 | +5 | +46 | 14.23n | +.15 |
| A– | MidCapGrow | +26 | +7 | +41 | 24.05 | +.08 |
| A+ | SelCom&Inf | +24 | +3 | +91 | 72.55 | +.84 |
| A+ | SelGlbTch | +25 | +3 | +95 | 39.83 | +.49 |
| A | SelLgGr | +27 | +6 | +45 | 12.93 | +.15 |
| A+ | SmallGrI | +34 | +10 | +57 | 19.77 | +.11 |
| A+ | TechGrw | +26 | +7 | +127 | 37.02n | +.47 |
| A+ | Technology | +26 | +7 | +124 | 35.56 | +.45 |
| | **Columbia C** | | | | | |
| | $ 121 bil 800–345–6611 | | | | | |
| A | AcornC | +21 | +5 | +8 | 5.00n | +.03 |
| A | AcornUSA | +19 | +3 | +11 | 4.81n | +.02 |
| C+ | Contrar | +19 | +5 | +37 | 22.89n | +.23 |
| A– | ConvSecs | +17 | +6 | +26 | 21.59n | +.11 |
| B | DivInc | +17 | +5 | +41 | 22.06n | +.19 |
| A– | LargeGrow | +26 | +6 | +39 | 10.81n | +.13 |
| A– | LgCapGrC | +22 | +6 | +34 | 12.18n | +.13 |
| A– | LrgCapGrow | +22 | +6 | +53 | 35.04n | +.37 |
| A– | MidCapGr | +26 | +7 | +34 | 18.99n | +.07 |
| A+ | SelgCom&Inf | +24 | +3 | +81 | 47.24n | +.56 |
| A+ | SelGlbTch | +24 | +3 | +87 | 29.76n | +.37 |
| A+ | Technology | +26 | +6 | +117 | 31.81n | +.40 |
| | **Columbia I,T&G** | | | | | |
| | $ 20.9 bil 800–345–6611 | | | | | |
| A– | LargeGrT | +23 | +6 | +60 | 42.50 | +.45 |
| A– | MidCapGrT | +26 | +7 | +41 | 23.93 | +.08 |
| A+ | SmallGrI | +34 | +10 | +60 | 21.24n | +.13 |
| | **Columbia R** | | | | | |
| | $ 149 bil 800–345–6611 | | | | | |
| B | ContraCore | +20 | +5 | +43 | 26.19n | +.27 |
| B | Contrar | +20 | +5 | +44 | 26.17n | +.26 |
| B– | Contrar | +19 | +5 | +40 | 25.51n | +.26 |
| A– | Convert | +18 | +6 | +31 | 21.84n | +.11 |
| A– | CoreR5 | +16 | +3 | +49 | 12.27n | +.13 |
| B+ | Dividend | +17 | +5 | +44 | 22.81n | +.19 |
| B+ | DivIncAdv | +17 | +5 | +46 | 23.21n | +.20 |
| A– | Largecap | +19 | +5 | +50 | 49.89n | +.47 |
| A | LargeGrow | +27 | +6 | +48 | 14.27n | +.17 |
| A | MidCapGr | +26 | +8 | +44 | 26.40n | +.09 |
| A+ | SelCom&Inf | +24 | +3 | +89 | 68.53n | +.81 |
| | **Columbia Y** | | | | | |
| | $ 40.3 bil 800–345–6611 | | | | | |
| B | ContrarCore | +20 | +5 | +44 | 26.19n | +.27 |
| B+ | Dividend | +17 | +5 | +47 | 23.22n | +.20 |
| A | LrgCapGr | +27 | +6 | +48 | 14.49n | +.17 |
| A– | LrgEnCore | +15 | +3 | +45 | 23.84n | +.22 |
| | **Columbia Z** | | | | | |
| | $ 97.3 bil 800–345–6611 | | | | | |
| A | AcornUSA | +20 | +3 | +29 | 14.88n | +.07 |
| B | ContraCore | +20 | +5 | +43 | 25.72n | +.27 |
| A– | DisCore | +16 | +3 | +49 | 12.31n | +.13 |
| B+ | DivIncZ | +17 | +5 | +46 | 22.82n | +.20 |
| A– | LgCapGrIII | +23 | +6 | +45 | 19.74n | +.21 |
| A– | LrgEnCore | +15 | +3 | +44 | 23.83n | +.23 |
| A | SelLgGrZ | +27 | +6 | +47 | 13.57n | +.16 |
| | **Columbia Funds** | | | | | |
| | $ 38.7 bil 800–345–6611 | | | | | |
| A | AcornIns | +22 | +5 | +26 | 15.15n | +.09 |
| B– | ContraCore | +20 | +5 | +42 | 25.23 | +.26 |
| A– | ConvSecs | +18 | +6 | +31 | 21.68n | +.11 |
| A– | LgCapIdx | +19 | +5 | +50 | 49.11n | +.47 |
| A+ | SelCom&Inf | +25 | +3 | +95 | 80.31n | +.94 |
| A+ | SelGlob | +25 | +3 | +97 | 40.66n | +.51 |
| A+ | SeligCom | +25 | +3 | +94 | 79.92n | +.94 |
| | **– D – E –** | | | | | |
| | **Davenport Funds** | | | | | |
| | $ 978 mil 800–846–6666 | | | | | |
| A– | EquityOpp | +30 | +11 | +44 | 20.20n | +.16 |
| | **Davis Funds A** | | | | | |
| | $ 14.6 bil 800–279–0279 | | | | | |
| B– | NYVenture | +17 | +4 | +25 | 28.69 | +.29 |
| | **Davis Funds B** | | | | | |
| | $ 12.1 bil 800–279–0279 | | | | | |
| C+ | NYVenture | +17 | +3 | +18 | 24.37n | +.24 |
| | **Davis Funds C&Y** | | | | | |
| | $ 26.9 bil 800–279–0279 | | | | | |
| C+ | NYVentureC | +17 | +3 | +20 | 25.33n | +.25 |
| B | NYVentureY | +17 | +4 | +26 | 29.47n | +.29 |
| | **Delaware A** | | | | | |
| | $ 14.3 bil 877–693–3546 | | | | | |
| A– | SelectGrow | +25 | +8 | +28 | 34.88 | +.16 |
| A+ | SMIDCapGrow | +31 | +6 | +68 | 25.03 | +.17 |
| A | SmlCpGrow | +22 | +5 | +35 | 15.23n | +.09 |
| | **Delaware C** | | | | | |
| | $ 8.4 bil 877–693–3546 | | | | | |
| A | LrgCpGrow | +21 | +6 | +51 | 14.33n | +.16 |
| A | SMIDCapGrow | +30 | +6 | +53 | 10.75n | +.07 |
| | **Delaware Instl** | | | | | |
| | $ 7.7 bil 877–693–3546 | | | | | |
| A+ | LrgCpGrow | +22 | +6 | +62 | 19.03n | +.21 |
| A– | SelectGrow | +25 | +8 | +30 | 39.09n | +.17 |
| A– | USGrowth | +21 | +9 | +41 | 24.50n | +.21 |
| | **DEUTSCHE Asst & Wealth** | | | | | |
| | $ 8.3 bil 800–621–7705 | | | | | |
| A– | CoreEquity | +19 | +5 | +47 | 27.10n | +.24 |
| A– | Eq500Idx | +19 | +5 | +40 | 201.47n | +1.9 |
| A | LgCpFocGrw | +26 | +8 | +66 | 52.37n | +.44 |
| | **Dimensional Funds** | | | | | |
| | $ 385 bil 512–306–7400 | | | | | |
| E | 5GlbFxdInc | + 3 | +1 | +7 | 10.87n | +.01 |
| B | EmMktCorEq | + 9 | +1 | +5 | 20.97n | +.28 |
| A– | EnhUSLgCo | +20 | +6 | +28 | 13.67n | +.13 |
| D | IntlCoreEq | +12 | +3 | +2 | 13.13n | +.15 |
| D– | IntlSmallCo | +12 | +2 | +5 | 17.82n | +.21 |
| E | IntlSmCpVal | + 9 | +0 | –4 | 18.07n | +.22 |
| A– | SustUSCorI | +20 | +5 | +46 | 22.99n | +.20 |
| A– | TxMgdUSEq | +19 | +5 | +51 | 31.90n | +.29 |
| B+ | USCorEq1 | +18 | +4 | +43 | 24.18n | +.21 |
| B | USCorEq2 | +17 | +4 | +36 | 22.18n | +.19 |
| A | USLCpGr | +20 | +6 | +60 | 21.54n | +.22 |
| B– | USLgCapVal | +13 | +3 | +27 | 36.20n | +.28 |
| A– | USLgCo | +19 | +5 | +52 | 22.88n | +.22 |
| C | USSmallCap | +13 | +1 | +25 | 33.64n | +.22 |
| D– | USSmlVall | + 9 | –3 | +9 | 32.56n | +.27 |
| D | USTgtVall | +11 | –1 | +12 | 22.02n | +.16 |
| | **Direxion Funds** | | | | | |
| | $ 17.6 bil 877–437–9363 | | | | | |
| E | IdxdComStrA | – 4 | –4 | –28 | 13.00n | +.21 |
| | **Dodge&Cox** | | | | | |
| | $ 218 bil 800–621–3979 | | | | | |
| B– | Balanced | +11 | +3 | +26 | 100.43n | +.65 |
| D– | Income | + 6 | +2 | +11 | 13.98n | +.04 |
| D | IntlStock | +12 | +2 | –7 | 41.38n | +.33 |
| A– | Stock | +14 | +3 | +36 | 189.17n | +1.7 |
| | **Doubleline Funds** | | | | | |
| | $ 147 bil 213–633–8200 | | | | | |
| **A** | **Enhance** | **+22** | **+6** | **+64** | **15.47n** | **+.17** |
| A+ | Enhance | +22 | +6 | +75 | 15.48n | +.16 |
| E | TotRtrnBndI | + 4 | +2 | +10 | 10.71n | +.01 |
| E | TotRtrnBndN | + 4 | +2 | +9 | 10.70n | +.01 |
| | **DWS Funds A** | | | | | |
| | $ 17.8 bil 800–728–3337 | | | | | |
| A | CapGrowthA | +26 | +8 | +61 | 81.66 | +.82 |
| A– | CoreEquity | +19 | +5 | +46 | 26.78 | +.24 |
| A | LgCpFocGrw | +26 | +8 | +63 | 50.01 | +.42 |
| A+ | Technology | +26 | +7 | +78 | 23.55 | +.25 |
| | **DWS Funds C** | | | | | |
| | $ 4.5 bil 800–728–3337 | | | | | |
| A+ | Technology | +26 | +7 | +66 | 15.01n | +.16 |
| | **DWS Funds Instl** | | | | | |
| | $ 1.4 bil 800–728–3337 | | | | | |
| A– | Eq500Idx | +19 | +5 | +41 | 204.75n | +1.9 |
| | **DWS Funds S** | | | | | |
| | $ 16.8 bil 800–728–3337 | | | | | |
| A | CapGrowth | +26 | +8 | +63 | 82.64n | +.82 |
| A+ | LtnAmerEq | +20 | +11 | +10 | 30.22n | +.18 |
| A– | S&P500IdxS | +19 | +5 | +47 | 32.07n | +.30 |
| | **Eagle Funds** | | | | | |
| | $ 14.0 bil 800–237–3101 | | | | | |
| A– | CapApprA | +20 | +5 | +55 | 42.10 | +.41 |
| A– | CapApprC | +19 | +5 | +46 | 29.23n | +.29 |
| A | MidCpGrowC | +27 | +9 | +55 | 49.94n | +.32 |
| | **Eaton Vance A** | | | | | |
| | $ 48.8 bil 800–225–6265 | | | | | |
| A | LgCapGrow | +20 | +4 | +59 | 28.24 | +.29 |
| A– | TxMgdGr 1.0 | +18 | +4 | +52 | 1261.98n | +2.6 |
| | **Eaton Vance Instl** | | | | | |
| | $ 40.5 bil 800–225–6265 | | | | | |
| A | AtlSmidCap | +26 | +9 | +76 | 37.56n | +.17 |
| | **– F –** | | | | | |
| | **FAM Funds** | | | | | |
| | $ 324 mil 800–721–5391 | | | | | |
| A | EquityInc | +23 | +8 | +58 | 36.65n | +.41 |
| | **Federated A** | | | | | |
| | $ 82.0 bil 800–245–5051 | | | | | |
| A | KaufmanLrg | +28 | +9 | +66 | 27.01 | +.23 |
| A+ | Kaufmann | +26 | +7 | +60 | 6.37 | +.04 |
| A+ | KaufSmlCap | +29 | +7 | +97 | 41.94 | +.28 |
| | **Federated B** | | | | | |
| | $ 25.0 bil 800–245–5051 | | | | | |
| A+ | Kaufmann | +26 | +7 | +58 | 5.10n | +.04 |
| A+ | KaufSmlCap | +28 | +7 | +94 | 35.65n | +.24 |
| | **Federated C** | | | | | |
| | $ 42.6 bil 800–245–5051 | | | | | |
| A | KaufmanLrg | +27 | +9 | +60 | 24.48n | +.20 |
| A+ | KaufmnC | +25 | +7 | +58 | 5.08n | +.03 |
| A+ | KaufSmlCapC | +28 | +7 | +94 | 35.66n | +.24 |
| A | MDTMdGrStr | +25 | +6 | +32 | 27.89n | +.21 |
| | **Federated Funds** | | | | | |
| | $ 51.8 bil 800–245–5051 | | | | | |
| A | KaufmanLrgR | +28 | +9 | +63 | 25.59n | +.22 |
| A+ | KaufmannR | +26 | +7 | +70 | 6.39n | +.05 |
| A+ | KaufSmlCapR | +29 | +7 | +102 | 42.15n | +.28 |
| A– | MaxCapIdx | +19 | +5 | +32 | 9.88n | +.10 |
| | **Federated Instl** | | | | | |
| | $ 42.5 bil 800–245–5051 | | | | | |
| A | KaufmanLrg | +28 | +9 | +68 | 27.79n | +.23 |
| A+ | KaufSmlCap | +29 | +7 | .. | 42.67n | +.28 |
| A– | MaxCapIdx | +19 | +5 | +33 | 10.04n | +.09 |
| A+ | MDTMdGrStr | +26 | +7 | +44 | 43.64n | +.33 |
| A | MDTSmlCpGr | +17 | +4 | +57 | 24.19n | +.12 |
| | **Fidelity** | | | | | |
| | $ 96.6 bil 800–343–3548 | | | | | |
| E | GradeBond | + 6 | +3 | +8 | 11.42n | +.03 |
| A+ | GrowthComp | +24 | +4 | +84 | 17.48n | +.11 |
| C+ | Internation | +21 | +8 | +22 | 16.22n | +.22 |
| E | ValueIntern | +12 | +3 | –9 | 9.59n | +.08 |
| | **Fidelity Adv A** | | | | | |
| | $ 142 bil 800–343–3548 | | | | | |
| A– | ConsmrDisc r | +21 | +6 | +56 | 29.92 | +.19 |
| A+ | EquityGr | +22 | +6 | +68 | 12.41 | +.14 |
| A | InsightsZ | +22 | +7 | +55 | 33.06n | +.33 |
| E | TotalBond r | + 6 | +3 | +7 | 10.79 | +.03 |
| | **Fidelity Adv C** | | | | | |
| | $ 157 bil 800–343–3548 | | | | | |
| A | EquityGrow r | +22 | +6 | +61 | 10.38n | +.11 |
| A+ | GrowthOpp r | +26 | +5 | +88 | 71.02n | +.51 |
| E | InvGrBd | + 6 | +3 | +5 | 8.08n | +.02 |
| A– | NewInsight | +22 | +7 | +46 | 27.49n | +.27 |
| A+ | SmallGrowA r | +26 | +7 | +68 | 22.63n | +.11 |
| E | TotalBond r | + 6 | +2 | +5 | 10.79n | +.03 |
| | **Fidelity Adv I** | | | | | |
| | $ 174 bil 800–343–3548 | | | | | |
| A– | Consmr Disc r | +21 | +6 | +58 | 32.36n | +.21 |
| A– | DiverStck | +18 | +5 | +37 | 26.16n | +.26 |
| A+ | EquityGrow | +23 | +6 | +70 | 13.71n | +.15 |
| A+ | GrowthOpp | +27 | +6 | +99 | 90.16n | +.65 |
| E | InvGrdBd | + 6 | +3 | +8 | 8.08n | +.01 |
| A | NewInsight | +22 | +7 | +54 | 33.02n | +.33 |
| A+ | SmallGrowI r | +27 | +7 | +78 | 27.00n | +.12 |
| A– | StkSelAll | +20 | +5 | +41 | 46.04n | +.40 |
| E | TotalBond | + 6 | +3 | +8 | 10.76n | +.02 |
| A– | Utilities r | +15 | +5 | +40 | 33.14n | +.29 |
| | **Fidelity Advisor Z** | | | | | |
| | $ 43.0 bil 800–343–3548 | | | | | |
| | FloatRate | + 3 | +0 | .. | 9.49n | +.00 |
| | StraInc | + 6 | +2 | .. | 12.48n | +.05 |
| | **Fidelity Freedom** | | | | | |
| | $ 170 bil 800–343–3548 | | | | | |
| C | 2020 | +11 | +3 | +21 | 15.85n | +.10 |
| C | 2025 | +12 | +3 | +23 | 13.84n | +.09 |
| B– | 2030 | +13 | +4 | +25 | 17.15n | +.14 |
| B– | 2040 | +15 | +4 | +27 | 9.98n | +.09 |
| | **Fidelity Select** | | | | | |
| | $ 24.4 bil 800–343–3548 | | | | | |
| A– | AirTrnsprt r | +15 | +4 | +40 | 74.89n | +.26 |
| A | CommEquip r | +15 | –1 | +37 | 39.32n | +.61 |
| A+ | Computers r | +16 | +5 | +39 | 72.71n | +1.1 |
| A– | ConsmrDisc r | +21 | +6 | +60 | 47.29n | +.30 |
| A+ | ITServices r | +34 | +7 | +127 | 72.08n | .. |
| A+ | MedEq&Sys r | +19 | +6 | +106 | 56.22n | +.34 |
| A+ | Sftwr&Cmp r | +27 | +8 | +114 | 18.74n | +.28 |
| A– | Utilities r | +15 | +5 | +41 | 92.01n | +.82 |
| A– | Wireless | +19 | +6 | +30 | 9.75n | +.05 |
| | **Fidelity Spartan Adv** | | | | | |
| | $ 62.1 bil 800–343–3548 | | | | | |
| D+ | IntlIdFd I | +14 | +4 | +3 | 41.34n | +.42 |
| E | USBdIdl | + 5 | +3 | +7 | 11.78n | +.02 |
| | **Fidelity Invest** | | | | | |
| | $ 1904 bil 800–343–3548 | | | | | |
| | 2020Freedom | +11 | +3 | .. | 15.83n | +.10 |
| | 2035Freedom | +15 | +4 | .. | 14.29n | +.12 |
| A– | 500IdxInsPr | +19 | +5 | +53 | 103.07n | +.98 |
| A– | Advchina | +16 | –1 | +26 | 33.94n | +.63 |
| A– | AdvchinaR | +16 | –1 | +25 | 33.79 | +.62 |
| A– | AdvDivStkA | +18 | +5 | +35 | 24.44 | +.24 |
| A– | AdvDivStkO | +18 | +5 | +37 | 25.20n | +.25 |
| A+ | AdvSemi | +23 | +3 | +98 | 22.25n | +.21 |
| A | AdvSemiconC | +23 | +2 | +66 | 17.87n | +.17 |
| A+ | AdvSrsGro | +27 | +6 | +100 | 15.11n | +.10 |
| A+ | AdvTechA r | +28 | +8 | +91 | 51.45 | +.58 |
| B– | Balanced | +15 | +4 | +29 | 23.61n | +.17 |
| B– | BalancedK | +15 | +4 | +29 | 23.62n | +.18 |
| A+ | BluChpGroK | +21 | +5 | +78 | 101.69n | +.79 |
| A– | CaptlApprK | +20 | +7 | +40 | 35.75n | +.39 |
| A– | ChinaRgn | +16 | –1 | +26 | 34.17n | +.63 |
| A– | Consmr Disc r | +21 | +6 | +50 | 24.06n | +.15 |
| A– | ConsmrDis r | +21 | +6 | +54 | 27.87 | +.18 |
| A+ | Dfnse&Aero r | +27 | +10 | +76 | 17.90n | +.30 |
| D | DiversIntl | +17 | +6 | +8 | 37.09n | +.42 |
| D | DiversIntlK | +17 | +6 | +9 | 37.02n | +.42 |
| A– | DiversStk | +18 | +5 | +33 | 24.21 | +.24 |
| A | EmrgAsia | +17 | +2 | +34 | 39.59n | +.63 |
| A | EmrgAsia r | +17 | +2 | +35 | 43.32n | +.70 |
| A | EmrgAsiaA r | +17 | +2 | +32 | 38.36 | +.61 |
| A– | EmrgAsiaC | +17 | +2 | +28 | 34.53n | +.55 |
| A | EmrgAsiaM r | +17 | +2 | +31 | 37.21 | +.59 |
| **A–** | **EmrgMktK** | **+21** | **+6** | **+24** | **32.18n** | **+.52** |
| A+ | EqGrowthZ | +23 | +6 | +71 | 13.82n | +.15 |
| D– | FloatHiInc | + 5 | +1 | +6 | 9.50n | +.01 |
| E | FloatRtHiIn r | + 5 | +1 | +6 | 9.51 | +.01 |
| A+ | FocusedStk r | +22 | +7 | +58 | 25.54n | +.29 |
| | Free2045K | +15 | +4 | .. | 11.31n | +.10 |
| | Freedom | +15 | +4 | .. | 14.28n | +.13 |
| | Freedom | +13 | +4 | .. | 17.13n | +.14 |
| | Freedom2025 | +12 | +3 | .. | 13.82n | +.10 |
| | Freedom2025 | +12 | +3 | .. | 13.81n | +.10 |
| | Freedom2030 | +13 | +4 | .. | 17.11n | +.14 |
| | Freedom2040 | +15 | +4 | .. | 9.95n | +.09 |
| | Freedom2040 | +15 | +4 | .. | 9.97n | +.09 |
| | Freedom2045 | +15 | +4 | .. | 11.29n | +.11 |
| | FreedomK6 | +11 | +3 | .. | 15.81n | +.11 |
| A+ | GrowthOpp | +26 | +6 | +94 | 82.46 | +.60 |
| A+ | GrwDiscovyK | +22 | +6 | +75 | 38.05n | +.42 |
| A– | Independnc | +22 | +7 | +30 | 37.61n | +.34 |
| A– | IndependncK | +22 | +7 | +30 | 37.63n | +.34 |
| E | InvGrdBd | + 6 | +3 | +7 | 8.07 | +.01 |
| A– | LatinAmer r | +23 | +14 | –15 | 26.87n | +.51 |
| A– | LatinAmer | +23 | +14 | –14 | 26.58 | +.50 |
| A– | LatinAmer | +23 | +14 | –13 | 26.51 | +.50 |
| A | Leisure r | +23 | +9 | +56 | 15.94n | +.02 |
| A– | LgCorEnhIdx | +16 | +4 | +45 | 15.36n | +.14 |
| A | LgGrwEnhIdx | +20 | +6 | +58 | 20.25n | +.18 |
| C | LowPriStkK | +12 | +2 | +23 | 48.58n | +.37 |
| C | LowPrStk | +12 | +2 | +23 | 48.61n | +.36 |
| **A–** | **Magellan** | **+21** | **+7** | **+53** | **10.77n** | **+.10** |
| A– | Multimedia r | +21 | +5 | +32 | 61.99n | +.33 |
| A | NewInsight | +22 | +7 | +50 | 30.93 | +.31 |
| A | OppsGrowth | +27 | +6 | +61 | 90.93n | +.66 |
| A+ | OTC | +23 | +5 | +87 | 12.22n | +.11 |
| A+ | OTCK | +23 | +5 | +87 | 12.41n | +.11 |
| B– | **Puritan** | **+14** | **+4** | **+30** | **22.18n** | **+.16** |
| B– | PuritanK | +14 | +4 | +31 | 22.17n | +.17 |
| A– | SaiUS | +19 | +5 | .. | 15.92n | +.15 |
| A+ | SelectTech r | +29 | +8 | +92 | 17.26n | +.19 |
| A+ | SelSemi r | +23 | +3 | +91 | 9.71n | +.09 |
| A+ | SemiCondA | +23 | +3 | +95 | 20.98 | +.19 |
| A+ | SerEqGr | +23 | +6 | .. | 14.69n | +.17 |
| A+ | SmlCapGrM r | +27 | +7 | +73 | 24.78 | +.11 |
| B+ | SpExIdAdv | +20 | +4 | +36 | 62.51n | +.36 |
| A– | StkSelAllCp | +20 | +5 | +41 | 46.00n | +.40 |
| A– | StkSlAllCpK | +20 | +5 | +42 | 46.11n | +.40 |
| A+ | Technology | +28 | +8 | +88 | 48.20 | +.53 |
| A+ | Technology r | +28 | +8 | +83 | 41.90n | +.47 |
| E | TotalBnd | + 6 | +3 | +8 | 10.78n | +.03 |
| | TotalBond | + 5 | +2 | .. | 10.55n | +.03 |
| E | TotalBond r | + 6 | +3 | +7 | 10.77 | +.03 |
| A– | TotMkIdl | +19 | +5 | +50 | 83.70n | +.74 |
| A– | Transport r | +13 | +1 | +35 | 91.84n | +.61 |
| A– | Volatility | +18 | +6 | .. | 14.63n | +.12 |
| A– | WIDINSTL | +19 | +6 | +34 | 27.45n | +.30 |
| A– | Worldwide | +19 | +6 | +33 | 27.26 | +.30 |
| | **FidltyAdvFoc A** | | | | | |
| | $ 6.8 bil 800–343–3548 | | | | | |
| A– | Utilities | +14 | +5 | +38 | 32.40 | +.29 |
| | **First Eagle** | | | | | |
| | $ 102 bil 800–334–2143 | | | | | |
| D | GlobalA | +14 | +3 | +17 | 57.78 | +.80 |
| E | OverseasA | +12 | +4 | +7 | 24.12 | +.30 |
| E | **OverseasI** | **+12** | **+4** | **+9** | **24.67n** | **+.30** |
| | **First Invstrs A** | | | | | |
| | $ 8.4 bil 800–423–4026 | | | | | |
| A | SelectGrow b | +14 | +1 | +46 | 12.39 | +.11 |
| | **First Invstrs B** | | | | | |
| | $ 7.1 bil 800–423–4026 | | | | | |
| A– | SelectGrow m | +11 | –2 | +35 | 9.77n | +.00 |
| | **Firsthand Funds** | | | | | |
| | $ 363 mil 888–884–2675 | | | | | |
| A+ | TechOppert | +31 | +3 | +123 | 13.60n | +.07 |
| | **FmlyFnds** | | | | | |
| | $ 1.9 bil 800–421–4184 | | | | | |
| A+ | SmallCap | +19 | +3 | +62 | 29.22n | +.21 |
| | **FPA Funds** | | | | | |
| | $ 18.6 bil 800–982–4372 | | | | | |
| D+ | Crescent | +14 | +3 | +18 | 33.67n | +.25 |
| | **Frank/Tmp Fr A** | | | | | |
| | $ 203 bil 800–342–5236 | | | | | |
| E | CATaxFr | + 6 | +2 | +16 | 7.56 | +.01 |
| A | ConvSecs | +21 | +7 | +43 | 22.91 | +.10 |
| A+ | Dynatech | +32 | +9 | +106 | 86.49 | +.85 |
| A | GrOppoA | +27 | +8 | +61 | 40.52 | +.38 |
| C– | Income | +11 | +2 | +6 | 2.32 | +.01 |
| | **Frank/Tmp Fr C** | | | | | |
| | $ 252 bil 800–342–5236 | | | | | |
| E | CA Tax Fr | + 6 | +2 | +14 | 7.54n | +.01 |
| A | ConvSecs | +21 | +7 | +40 | 22.55n | +.09 |
| A+ | Dynatech | +32 | +9 | +98 | 71.77n | +.70 |
| A | GrOppoC | +27 | +8 | +54 | 33.22n | +.32 |
| A | Grwth | +22 | +7 | +59 | 100.28n | +1.0 |
| D+ | Income | +11 | +1 | +4 | 2.35n | +.01 |
| B+ | RisingDivsC | +20 | +6 | +40 | 65.35n | +.70 |
| B+ | RisingDivsR | +21 | +6 | +43 | 66.45n | +.72 |
| A | SmCpGr | +25 | +5 | +35 | 17.17n | +.10 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CAPSTONE TURBINE CORPORATION SECURITIES LITIGATION | Case No.: CV-15-08914-DMG (RAOx)<br>Honorable Dolly M. Gee |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: all persons and entities who or which purchased or otherwise acquired Capstone common stock between June 12, 2014 and November 5, 2015, inclusive (the "Settlement Class Period") and were damaged thereby:**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $5,550,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on November 15, 2019 at 10:00 a.m., before the Honorable Dolly M Gee at United States District Court for the Central District of California, United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 8C, 8th Floor, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated April 12, 2019 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** The Notice and Proof of Claim and Release Form ("Claim Form"), can be downloaded from the website maintained by the Claims Administrator, www.CapstoneTurbineSecuritiesLitigation.com. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *In re Capstone Turbine Corporation Litigation*, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, 1-855-637-1041.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than October 15, 2019. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is received by, or postmarked no later than, October 15, 2019, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement. All Settlement Class Members who do not request exclusion from the Settlement Class in response to the Notice will be bound by any judgment in this Action pursuant to the Stipulation. Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by the parties.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be delivered to the Claims Administrator, Lead Counsel and Defendants' Counsel such that they are received by, or postmarked no later than, October 15, 2019, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Capstone, any other Defendants in the Action, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

*In re Capstone Turbine Securities Litigation*
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
1-855-637-1041
www.CapstoneTurbineSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
ATTN: Casey E. Sadler, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(888) 773-9224
settlements@glancylaw.com

By Order of the Court

fearless investing summit

OCTOBER 2-4 | BOSTON PARK PLAZA

Join us for an experience like no other.

Network with over 650 investment professionals from all over the country as you discover the latest developments in financial advice and technology. The Fearless Investing Summit is Riskalyze's annual conference, empowering financial advisors to recharge in a beautiful location, evaluate new ideas and tools, and receive invaluable education from world-class thought leaders.

riskalyze

REGISTER AND MORE AT
FEARLESSINVESTINGSUMMIT.COM

# EXHIBIT E

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

In re CAPSTONE TURBINE CORPORATION SECURITIES LITIGATION

Lead Case No.:  CV 15-08914-DMG (RAOx)

Honorable Dolly M. Gee

# NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND <u>REIMBURSEMENT OF LITIGATION EXPENSES</u>

## <u>*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*</u>

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Central District of California (the "Court"), if, during the period between June 12, 2014 and November 5, 2015, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired Capstone Turbine Corporation common stock and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs, Randall and Elizabeth Kay, and plaintiffs David Kinney and John Perez (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 27 below), have reached a proposed settlement of the Action for $5,550,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.   This Notice explains**

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated April 12, 2019 (the "Stipulation"), which is available at www.CapstoneTurbineSecuritiesLitigation.com.

**important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Capstone, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 87 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendant Capstone Turbine Corporation ("Capstone"), Darren R. Jamison ("Jamison"), Edward Reich ("Reich"), and Jayme Brooks ("Brooks") (collectively, the "Defendants")[2] violated the federal securities laws by making false and misleading statements regarding Capstone. A more detailed description of the Action is set forth in paragraphs 11-26 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 27 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $5,550,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 17-25 below.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Plaintiffs' damages expert's estimate of the number of shares of Capstone common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as

---

[2] Defendants Jamison, Reich, and Brooks are collectively referred to herein as the "Individual Defendants."

described herein) per eligible security is $0.55. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Capstone stock and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 17-25 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants deny that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Glancy Prongay & Murray LLP, which have been prosecuting the Action on a wholly contingent basis since its inception, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $140,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. An estimate of the average cost per affected share of common stock, if the Court approves Lead Counsel's fee and expense application, is $0.18 per eligible share.

6. **Identification of Attorneys' Representatives:** Plaintiffs and the Settlement Class are represented by Casey E. Sadler, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888) 773-9224, settlements@glancylaw.com.

7. **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might

3

be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN OCTOBER 15, 2019.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 36 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 37 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION THAT IS RECEIVED BY, OR POSTMARKED NO LATER THAN, OCTOBER 15, 2019.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS RECEIVED BY, OR POSTMARKED NO LATER THAN, OCTOBER 15, 2019.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON NOVEMBER 15, 2019** | Submitting a written objection and notice of intention to appear by October 25, 2019 allows you |

4

| | |
|---|---|
| **AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 25, 2019** | to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6

What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page  7

How Do I Know If I Am Affected By The Settlement?  Who Is Included

     In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. .   Page 9

What Are Plaintiffs' Reasons For The Settlement? . . . . . . . . . . . . . . . . .   Page 10

What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . .Page 11

How Are Settlement Class Members Affected By The Action And

     The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 11

How Do I Participate In The Settlement?  What Do I Need To Do? . . . . . . Page 15

How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . Page 16

What Payment Are The Attorneys For The Settlement Class Seeking?

     How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 24

What If I Do Not Want To Be A Member Of The Settlement

Class?  How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . .Page 25

When And Where Will The Court Decide Whether To Approve The Settlement?

Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 26

What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . .Page 28

Can I See The Court File?  Whom Should I Contact If I Have Questions? . Page 28

## WHY DID I GET THE POSTCARD NOTICE?

8.    The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired one or more of the Capstone common stock during the Settlement Class Period.  The Court also directed that this Notice be posted online at www.CapstoneTurbineSecuritiesLitigation.com and mailed to you upon request to the Claims Administrator.  The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 78 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. This litigation stems from Plaintiffs' allegations that Defendants made misstatements and omissions regarding Capstone's backlog orders and accounts receivable.

12. The class action complaint in this Action was filed in the United States District Court for the Central District of California, which by Order dated February 29, 2016, consolidated the action with a related case, recaptioned the action as *In re Capstone Turbine Corp. Securities Litigation*, CV 15-08914- DMG (RAOx), and appointed Lead Plaintiffs and Lead Counsel.

13. On May 6, 2016, Plaintiffs filed and served their Consolidated Class Action Complaint (the "Consolidated Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. Among other things, the Consolidated Complaint alleged that Defendants made materially false and misleading statements about the company's backlog orders and accounts receivable. The Consolidated Complaint further alleged that the prices of Capstone publicly-traded securities were artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the alleged truth was revealed.

14. On June 17, 2016, Defendants moved to dismiss the Consolidated Complaint.

15. On July 12, 2016, the parties filed a Joint Stipulation of Dismissal of Claims against Edward I. Reich, due to the fact that Mr. Reich died after the case was initiated, and on July 13, 2016, the Court entered an Order dismissing the claims against Mr. Reich without prejudice.

16. On March 10, 2017, the Court granted Defendants' motion to dismiss with leave to amend.

17. On April 28, 2017, Plaintiffs filed and served the Consolidated Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint"). The Amended Complaint, like the Consolidated Complaint, asserted claims against Defendants Capstone, Jamison, and Brooks under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and against Individual Defendants Jamison and Brooks under Section 20(a) of the Exchange Act. The Amended Complaint alleged claims substantially similar to those alleged in the Consolidated Complaint.

18. On June 2, 2017, Defendants filed and served a motion to dismiss the

Amended Complaint. The motion was fully briefed. On February 9, 2018, the Court entered an order denying Defendants' motion.

19. On March 30, 2018, Defendants filed and served an answer to the Amended Complaint.

20. Plaintiffs continued their investigation into the claims asserted but they also recognized that the Court's decision on the motion to dismiss underscored the risks attendant to this litigation. While the Parties believe in the merits of their respective positions, they recognized the benefits that would accrue if they could reach an agreement to resolve the Action. They began to discuss the possibility of exploring whether a settlement could be reached through mediation. The Parties selected former federal district court Judge Layn Phillips as mediator and scheduled a mediation session for September 24, 2018.

21. In advance of the mediation, Defendants produced relevant documents relating to Capstone's accounts receivables and backlog. Defendants' substantial production was reviewed and analyzed by Lead Counsel. Following Defendants' production, the Parties exchanged detailed mediation statements and exhibits that addressed the issues of liability, loss causation and damages. Thereafter, each Party provided rebuttal statements and exhibits. Both the opening and rebuttal mediation statements and exhibits were submitted to Judge Phillips in advance of a full-day mediation session that occurred on September 24, 2018. The session, which the Lead Plaintiffs attended in person, ended without any settlement agreement being reached.

22. Over the course of the next several weeks, Judge Phillips conducted further discussions with the Parties which culminated in Judge Phillips issuing a mediator's proposal to settle this Action. The Parties ultimately agreed to Judge Phillips' mediator's proposal to settle the Action for $5,550,000.

23. Based on the investigation, drafting of two substantial complaints, briefing on two motions to dismiss, documents produced by Defendants, mediation of the case and Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

24. Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Defendants,

individually and collectively, have denied and continue to deny that they have violated the federal securities laws and maintain that their conduct was at all times proper and in compliance with all applicable provisions of the law. Defendants have denied and continue to deny specifically each and all of the claims and contentions of wrongful conduct alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, *inter alia*, the allegations that they knowingly or otherwise, made any material misstatements or omissions, that the price of Capstone common stock was artificially inflated by reason of any alleged misrepresentation or otherwise, or that any member of the Settlement Class or any Capstone investor was harmed by the conduct alleged in the Action or that could have been alleged as part of the Action. In addition, the Defendants maintain they have meritorious defenses to all claims alleged in the Action. The Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 37 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.

25. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

26. On May 17, 2019, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

27. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities who or which purchased or otherwise acquired Capstone common stock between June 12, 2014 and November 5, 2015, inclusive (the "Settlement Class Period") and were damaged thereby.

9

Excluded from the Settlement Class are Defendants; members of the Immediate Family of each of the Individual Defendants; the Officers and/or directors of Capstone; any person, firm, trust, corporation, Officer, director or other individual or entity which is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page 25 below.

**PLEASE NOTE:  RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.CapstoneTurbineSecuritiesLitigation.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, postmarked no later than October 15, 2019.**

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|---|

28.  Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Plaintiffs and Lead Counsel recognized that Defendants had numerous avenues of attack that could preclude recovery.  For example, Defendants asserted that their statements were not materially false or misleading, and that even Plaintiffs could prove a materially false or misleading statement, Defendants did not make any statements with the requisite state of mind to support the securities fraud claim alleged.  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statement would be hotly contested because other material disclosures concerning Capstone's financial condition were made at the time of the alleged disclosure of the alleged fraud.  Plaintiffs would have to prevail at several stages – motions for summary judgment, trial, and if they

prevailed on those, on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

29. In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $5,550,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

30. Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. The Defendants assert, among other things, that they did not violate any federal securities laws and that Capstone's investors were not damaged. Defendants have agreed to the Settlement solely to eliminate the burden, uncertainty, and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

31. If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

32. As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 26 below.

33. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page 25 below.

34. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 26 below.

35.  If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 36 below) (including, without limitation, Unknown Claims) against the Defendants and the other Defendants' Releasees (as defined in ¶ 37 below) (whether or not such Settlement Class Member executes and delivers a Proof of Claim form or obtains a distribution from the Net Settlement Fund).   The Judgment will also provide that, upon the Effective Date, Plaintiffs and each of the Settlement Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from (i) the commencement, assertion, institution, maintenance, prosecution, or enforcement against any Defendant or any other Defendants' Releasee of any action or other proceeding in any court of law or equity, arbitration, tribunal, administrative forum, or forum of any kind, asserting any of Plaintiffs' Released Claims (including, without limitation, Unknown Claims), and/or (ii) appealing any prior rulings in this case.

36.  "Released Plaintiffs' Claims" means all claims, demands, rights, causes of action or liabilities of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and other costs, expenses or liabilities whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law or

any other law, rule, ordinance, administrative provision or regulation, whether class or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured, unmatured, concealed or hidden, suspected or unsuspected, which now exist or heretofore have existed, that Plaintiffs or any other member of the Settlement Class: (i) asserted in the Amended Complaint or prior complaints in this Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, public filings, statements, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Amended Complaint and that relate to the purchase, acquisition, holding, disposition, or sale of Capstone common stock during the Settlement Class Period.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court; (iii) claims of FiveT Investment Management LTD and Deep Field Fund Spc Ltd Open Cluster Segregated Portfolio brought by them in the action styled *FiveT Investment Management LTD, et al., v. Jamison, et al.,* Case No. CV-18-03512-DMG-RAOx (C.D. Cal.); and (iv) claims brought derivatively in the following actions: *Stesiak v. Jamison, et al.*, No. BC610782 (Los Angeles County); *Kilpatrick v. Simon, et al.*, No. BC623167 (Los Angeles County); *Haber v. Jamison, et al.*, No. CV16-01569-DMG-RAOx (C.D. Cal.); *Tuttle v. Atkinson, et al.*, No. CV 16-05127-DMG-RAOx (C.D. Cal.); and *Boll v. Jamison, et al.*, No. CV16-05282-DMG-RAOx (C.D. Cal.).

37. "Defendants' Releasees" means Defendants and their current and former officers, directors, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, attorneys, accountants, auditors, investment advisors, personal or legal representatives, agents, parents, affiliates, subsidiaries, successors, predecessors, divisions, joint ventures, assigns, assignees, spouses, heirs, estates, related or affiliated entities, employees, any entity in which Defendants have a controlling interest, any members of the Individual Defendants' Immediate Family, any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or any member of an Individual Defendant's Immediate Family, and any entity in which a Defendant and/or any member of an Individual Defendant's Immediate Family has or have a controlling interest (directly or indirectly).

38. "Unknown Claims" means any Released Plaintiffs' Claims which any plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of

13

such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including his, her or its decision(s) not to object to the Settlement or to seek exclusion from the Settlement Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releases shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, any Settlement Class Member, Defendants, and their respective Releasees, may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and each of the Defendants shall expressly waive, and each of the other Settlement Class Members and Releasees shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

39. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 40 below) against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 41 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

40.  "Released Defendants' Claims" means all claims, demands, rights, causes of action or liabilities of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and other costs, expenses or liabilities whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law or any other law, rule, ordinance, administrative provision or regulation, whether class or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured, unmatured, concealed or hidden, suspected or unsuspected, which now exist or heretofore have existed, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

41.  "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, any entity in which Plaintiffs have a controlling interest, any members of a Plaintiff's Immediate Family, any trust of which an Plaintiff is the settlor or which is for the benefit of a Plaintiff and/or any member of a Plaintiff's Immediate Family, and any entity in which a Plaintiff and/or any member of a Plaintiff's Immediate Family has or have a controlling interest (directly or indirectly).

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

42.  To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than October 15, 2019**.  A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.CapstoneTurbineSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-855-637-1041.  Please retain all records of your ownership of and transactions in Capstone common stock, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim

Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
| --- |

43.  At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

44.  Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid five million five hundred fifty thousand dollars ($5,550,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon after being transferred to the escrow account is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including, without limitation, reasonable expenses of tax attorneys and accountants), and all taxes imposed on payments by the Settlement Fund, including withholding taxes; (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

45.  The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

46.  Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants and the other Defendants' Releasees shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

47.  Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

48.  Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before October 15, 2019 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in

all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 36 above) against Defendants and the other  Defendants' Releasees (as defined in ¶ 37 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants or the other Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

49.  Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Capstone common stock held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of Capstone common stock during the Settlement Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

50.  The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

51.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

52.  Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Capstone common stock during the Settlement Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are Capstone common stock.

## PROPOSED PLAN OF ALLOCATION

53.  The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The Court has not made any findings that the Defendants are liable to the Settlement Class or that the Settlement Class has suffered any compensable damages, nor has the Court made

any finding as to the measure of damages.

54.   The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

55. The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis.  Recognized Loss Amounts are based primarily on the price declines observed over the period which Plaintiffs allege corrective information was entering the market place.  In this case, Plaintiffs allege that Defendants made false statements and omitted material facts between June 12, 2014 and November 5, 2015, which had the effect of artificially inflating the prices of Capstone common stock.

56. In order to have recoverable damages, the corrective disclosure of the allegedly misrepresented information must be the cause of the decline in the price or value of the Capstone stock.  In this Action, Plaintiffs allege that Defendants made false statements and omitted material facts during the period between June 12, 2014 and November 5, 2015, inclusive, which had the effect of artificially inflating the prices of Capstone common stock. Plaintiffs further allege that corrective disclosures removed artificial inflation from the price of Capstone stock on August 7, 2014, June 15, 2015, October 1, 2015, and November 5, 2015. Thus, in order for a Settlement Class Member to have a "Recognized Loss Amount" under the Plan of Allocation, with respect to Capstone stock, the shares must have been purchased or acquired during the Settlement Class Period and held through at least one of these disclosure dates.  Additionally, in order to have a Recognized Loss Amount, a Claimant must have suffered a loss on their transactions in Capstone common stock.

57.   To the extent a Claimant does not satisfy one of the conditions set forth in the preceding paragraph, his, her or its Recognized Loss Amount for those transactions will be zero.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

58. Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of Capstone stock during the Settlement Class Period that is listed in the Proof of Claim Form and for which adequate documentation is provided. In the calculations below, if a Recognized Loss Amount calculates to a negative number, that Recognized Loss Amount shall be zero.

59. For shares of common stock purchased or otherwise acquired between June 12, 2014 and November 5, 2015:

A.    For shares of Capstone common stock held at the end of trading on February 3, 2016, the Recognized Loss shall be that number of shares multiplied by the lesser of:

(1)    the applicable purchase date artificial inflation per share figure, as found in Table A; or
(2)    the difference between the purchase price per share and $1.55.[3]

B.    For shares of Capstone common stock sold between June 12, 2014 and November 5, 2015, the Recognized Loss shall be that number of shares multiplied by the   lesser of:

(1)    the applicable purchase date artificial inflation per share figure less the applicable sales date artificial inflation per share figure, as found in Table A; or
(2)    the difference between the purchase price per share and the sales price per share.

C.    For shares of Capstone common stock sold between November 6, 2015 and February 3, 2016, the Recognized Loss shall be the lesser of:

(1)    the applicable purchase date artificial inflation per share figure, as found in Table A; or

---

[3] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."   The mean (average) closing price of Capstone Turbine common stock during the 90-day period beginning on November 6, 2015 and ending on February 3, 2016 was $1.55 per share.

(2)   the difference between the purchase price per share and the sales price per share; or

(3)   the difference between the purchase price per share and the average closing price between November 6, 2015 and the date of sale, as found in Table B[4].

**Table A**

| Purchase or Sale Date Range | Artificial Inflation Per Share |
|---|---|
| 06/12/2014 -  08/07/2014 | $  8.22 |
| 08/08/2014 -  06/15/2015 | $  3.82 |
| 06/16/2015 -  09/30/2015 | $  2.04 |
| 10/01/2015 -  11/05/2015 | $  0.31 |

**Table B**

| Date of Sale | Average Closing Price Between 11/06/2015 and Date of Sale | Date of Sale | Average Closing Price Between 11/06/2015 and Date of Sale |
|---|---|---|---|
| 11/06/2015 | $3.99 | 12/21/2015 | $1.78 |
| 11/09/2015 | $3.52 | 12/22/2015 | $1.76 |
| 11/10/2015 | $3.27 | 12/23/2015 | $1.75 |
| 11/11/2015 | $3.00 | 12/24/2015 | $1.74 |
| 11/12/2015 | $2.84 | 12/28/2015 | $1.74 |

---

[4] Pursuant to Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

| | | | |
|---|---|---|---|
| 11/13/2015 | $2.75 | 12/29/2015 | $1.73 |
| 11/16/2015 | $2.64 | 12/30/2015 | $1.71 |
| 11/17/2015 | $2.56 | 12/31/2015 | $1.71 |
| 11/18/2015 | $2.49 | 01/04/2016 | $1.70 |
| 11/19/2015 | $2.43 | 01/05/2016 | $1.69 |
| 11/20/2015 | $2.38 | 01/06/2016 | $1.69 |
| 11/23/2015 | $2.33 | 01/07/2016 | $1.68 |
| 11/24/2015 | $2.29 | 01/08/2016 | $1.67 |
| 11/25/2015 | $2.25 | 01/11/2016 | $1.66 |
| 11/27/2015 | $2.21 | 01/12/2016 | $1.65 |
| 11/30/2015 | $2.17 | 01/13/2016 | $1.64 |
| 12/01/2015 | $2.14 | 01/14/2016 | $1.63 |
| 12/02/2015 | $2.11 | 01/15/2016 | $1.62 |
| 12/03/2015 | $2.08 | 01/19/2016 | $1.61 |
| 12/04/2015 | $2.05 | 01/20/2016 | $1.60 |
| 12/07/2015 | $2.02 | 01/21/2016 | $1.59 |
| 12/08/2015 | $1.99 | 01/22/2016 | $1.59 |
| 12/09/2015 | $1.96 | 01/25/2016 | $1.58 |
| 12/10/2015 | $1.94 | 01/26/2016 | $1.57 |
| 12/11/2015 | $1.91 | 01/27/2016 | $1.57 |
| 12/14/2015 | $1.88 | 01/28/2016 | $1.57 |
| 12/15/2015 | $1.86 | 01/29/2016 | $1.56 |
| 12/16/2015 | $1.84 | 02/01/2016 | $1.56 |
| 12/17/2015 | $1.82 | 02/02/2016 | $1.55 |
| 12/18/2015 | $1.80 | 02/03/2016 | $1.55 |

## ADDITIONAL PROVISIONS

60.   The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 63 below) is $10.00 or greater.

61.   If a Settlement Class Member has more than one purchase/acquisition or sale of Capstone common stock, all purchases/acquisitions and sales of the like security shall be matched on a First In, First Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

62.   A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for all of the Capstone common stock.

21

63.  The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

64.  Purchases or acquisitions and sales of Capstone common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Capstone common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Capstone common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Capstone stock unless (i) the donor or decedent purchased or otherwise acquired such Capstone stock during the Settlement Class Period; and (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Capstone stock.

65.  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Capstone common stock.  The date of a "short sale" is deemed to be the date of sale of the Capstone stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in an Capstone stock,  the earliest Settlement Class Period purchases or acquisitions of that security shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

66.  Option contracts are not securities eligible to participate in the Settlement.  With respect to Capstone stock purchased or sold through the exercise of an option, the purchase/sale date of the Capstone stockis the exercise date of the option and the purchase/sale price of the Capstone stock is the exercise price of the option.

67.  To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Capstone common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero.  Such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Capstone stock during the Settlement Class Period, but that market

loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

68. For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Capstone stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and Total Holding Value.[7]  This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Capstone stock during the Settlement Class Period.

69. After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.   Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Capstone stock purchased or acquired during the Settlement Class Period.

[6] The Claims Administrator shall match any sales of Capstone common stock during the Settlement Class Period, first against the Claimant's opening position in the like security (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Capstone common stock sold during the Settlement Class Period shall be the "Total Sales Proceeds."

[7] The Claims Administrator shall ascribe a holding value to Capstone stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on November 5, 2015, which shall be the November 5, 2015 closing price.

Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

70.   Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.   No person shall have any claim against Plaintiffs, Lead Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

71.   The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert.   The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.   Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.CapstoneTurbineSecuritiesLitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
## HOW WILL THE LAWYERS BE PAID?

72.   Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses.   Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 30% of the Settlement Fund.   At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $140,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class.   The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.   Such sums as may be approved by the Court will be paid

from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

| **WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?** **HOW DO I EXCLUDE MYSELF?** |
| :---: |

73. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to CLASS ACTION OPT-OUT, ATTN: *In re Capstone Turbine Corporation Securities Litigation*, P.O. Box 58220, 1500 John F Kennedy Blvd, Suite C31, Philadelphia, PA 19102.  The exclusion request must be ***received by, or postmarked no later than***, October 15, 2019.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Capstone Turbine Corporation Securities Litigation*, Lead Case No. CV 15-08914-DMG (RAOx)"; (c) identify and state the number of Capstone shares that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between June 12, 2014 and November 5, 2015, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received or postmarked within the time stated above, or is otherwise accepted by the Court.

74.  If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants or the other Defendants' Releasees.

75.  If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

76.  Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

| **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?** |
|---|

**77.  Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.   You can participate in the Settlement without attending the Settlement Hearing**.

78. The Settlement Hearing will be held on November 15, 2019 at 10:00 a.m., before the Honorable Dolly M. Gee at the United States District Court for the Central District of California, United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 8C, 8th Floor.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

79.  Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must submit any written objection, together with copies of all other papers and briefs supporting the objection, with the Claims Administrator at the address below.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received by, or postmarked no later than*, **October 15, 2019**.

| <u>**Claims Administrator**</u> | <u>**Lead Counsel**</u> | <u>**Defendants' Counsel**</u> |
|---|---|---|
| Class Action Objection **Attn: Capstone Turbine Securities Litigation Settlement** P.O. Box 58220, 1500 John F Kennedy Blvd, Suite C31 Philadelphia, PA 19102 | **Glancy Prongay & Murray LLP** Casey E. Sadler, Esq. 1925 Century Park East, Suite 2100 Los Angeles, CA 90067 | **Wilson Sonsini Goodrich & Rosati** Nina Locker, Esq. 650 Page Mill Road Palo Alto, CA 94304-1050 |

80.   Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Capstone common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between June 12, 2014 and November 5, 2015, inclusive), as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

81.   You may submit a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first submit and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

82.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received* on or before October 25, 2019**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

83.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 79 above so that the notice is ***received* on or before October 25, 2019**.

84.   The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**85. Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

### WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

86. If you purchased or otherwise acquired Capstone common stock between June 12, 2014 and November 5, 2015, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to *In re Capstone Turbine Corporation Securities Litigation*, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, up to a maximum of $0.50 per notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.CapstoneTurbineSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-855-637-1041.

### CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

87. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Central District of California,

28

United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 8C, 8th Floor.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.CapstoneTurbineSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

| *In re Capstone Turbine Corporation Securities Litigation* | and/or | GLANCY PRONGAY & MURRAY LLP |
|---|---|---|
| c/o Claims Administrator | | Casey E. Sadler, Esq. |
| 1650 Arch Street, Suite 2210 | | 1925 Century Park East, |
| Philadelphia, PA 19103 | | Suite 2100 |
| 1-855-637-1041 | | Los Angeles, CA 90067 |
| Info@CapstoneTurbineSecuritiesLitigation.com | | (888) 773-9224 |
| | | settlements@glancylaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: May 17, 2019                    By Order of the Court
                                       United States District Court
                                       Central District of California

**EXHIBIT F**

August 17, 2019

CLASS ACTION OPT-OUT,
ATTN: *In re Capstone Turbine Corporation Securities Litigation*,
P.O. Box 58220,
1500 John F Kennedy Blvd, Suite C31,
Philadelphia, PA 19102

Ladies and Gentlemen,

I, Philip Hubbell,

of ██████████████████████████████████████

**request exclusion from the Settlement Class** in

*In re Capstone Turbine Corporation Securities Litigation*,

Lead Case No. CV 15-08914-DMG (RAOx).

I purchased 10,000 shares of CPST at $0.938 on October 9, 2014

I sold no shares during the Settlement Class Period.

Sincerely

Philip Hubbell



SEATTLE WA 980

19 AUG 2019 PM 6 L

USA ● FOREVER

CLASS ACTION OPT-OUT,

ATTN: *In re Capstone Turbine Corporation Securities Litigation*,

P.O. Box 58220,

1500 John F Kennedy Blvd, Suite C31,

Philadelphia, PA 19102

19102-172231