JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CAPSTONE TURBINE CORPORATION SECURITIES LITIGATION | Case No.: CV 15-8914-DMG (RAOx)<br><br>**ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS** |

This matter came before the Court upon Plaintiffs Elizabeth R. Kay, Randall G. Kay, David Kinney, and John Perez's unopposed motion for final approval of the class action settlement and plan of allocation and Plaintiffs' unopposed motion for attorneys' fees and reimbursement of litigation expenses. [Doc. ## 125, 128.] Due and adequate notice having been given to the Settlement Class, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises, and good cause having been shown for issuance of this Order,

1

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Order incorporates and makes a part hereof: (a) the Stipulation filed with the Court on April 12, 2019; and (b) the Notice, the Summary Notice, and the Postcard Notice, all of which were filed with the Court on April 12, 2019.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who or which purchased or otherwise acquired Capstone common stock between June 12, 2014 and November 5, 2015, inclusive (the "Settlement Class Period") and were damaged thereby. Excluded from the Settlement Class are Defendants; members of the Immediate Family of each of the Individual Defendants; the Officers and/or directors of Capstone; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 attached to this Order, who or which are excluded from the Settlement Class pursuant to request.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Lead Plaintiffs and Lead Counsel have fairly and

2

adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Postcard Notice, the online posting of the Notice, and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

6. **Plan of Allocation** – Pursuant to the Stipulation, the Court has separately considered the Plan of Allocation proposed in the Notice and hereby finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation provided to Settlement Class Members provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Settlement Class Members with due consideration having been given to administrative convenience and necessity. The Court therefore approves the Plan of Allocation.

7. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

3

fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8. The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submitted a Claim Form or sought or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

10. **Releases** – The Releases set forth in paragraphs 6 and 8 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived

4

and discharged each and every Released Plaintiffs' Claim (including, without limitation, Unknown Claims) against the Defendants and the other Defendants' Releasees (whether or not such Settlement Class Member executed and delivered a Proof of Claim form or obtains a distribution from the Net Settlement Fund).

(b) Without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the Settlement Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from (i) the commencement, assertion, institution, maintenance, prosecution, or enforcement against any Defendant or any other Defendants' Releasee of any action or other proceeding in any court of law or equity, arbitration, tribunal, administrative forum, or forum of any kind, asserting any of Plaintiffs' Released Claims (including, without limitation, Unknown Claims), and/or (ii) appealing any prior rulings in this case.

(c) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

11. Notwithstanding paragraphs 9(a) – (c) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution,

defense, and settlement of the Action.

13. **<u>No Admissions</u>** – Neither this Judgment, the term sheets, or the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the term sheets and the Stipulation, nor any proceedings taken pursuant to or in connection with the term sheets, Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants or the other Defendants' Releasees;

(b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendants or the other Defendants' Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and the other Defendants' Releasees may file the Stipulation and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in connection with any proceeding to enforce the terms of the Stipulation;

(c) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil,

criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(d) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14. **Attorneys' Fees, Litigation Expenses, and Class Representative Payments** – As contemplated by the Stipulation, Lead Counsel have filed a motion for approval of attorneys' fees and reimbursement of litigation expenses. The Court finds that the form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)) and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto. The Court has approved the following payments: (a) attorneys' fees payable to Class Counsel in this matter in the amount of $1,454,100; (b) allowable costs in this matter in the amount of $78,084.47, and (c) $31,000 in reimbursements to Lead and Named Plaintiffs, in the amount of $22,500 for Lead Plaintiff Randall Kay, $3,500 for Lead Plaintiff Elizabeth Kay, $2,500 for Named Plaintiff David Kinney, and $2,500 for Named Plaintiff John Perez.

15. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the

7

Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

16. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination of Settlement** – In the event the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of November 16, 2018, as provided in the Stipulation.

18. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. **Entry of Final Judgment** – The Clerk of the Court is expressly directed to immediately enter this final judgment in this Action. This document shall constitute a judgment for the purposes of Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

DATE: November 15, 2019

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

**Exhibit 1**

**List of Persons and Entities Excluded from the Settlement Class**

**<u>Pursuant to Request</u>**

1. Philip Hubbell
2. David & Sharon Mullikin
3. Barbara Wolford
4. Roy Fersch